NEVADA INDUSTRIAL COMMISSION, Appellant, *v.* LAURA E. HILDEBRAND, Respondent.

· No. 14357

January 25, 1984                                  675 P.2d 401

---

*David F. Sarnowski,* Associate General Counsel, State Industrial Insurance System, Carson City, for Appellant.

*Smith and Gamble, Ltd.,* and *David R. Gamble,* for Respondent.

## OPINION

*Per Curiam:*

Respondent, Laura E. Hildebrand, while employed as a cook, sustained a hematoma on her right knee when a sandwich bar board fell on her leg.

Hildebrand applied for disability benefits with the appellant, Nevada Industrial Commission. (N.I.C.)[1] The Department of Administration Appeals Officer affirmed its Hearing Officer's decision awarding five percent permanent partial disability to Hildebrand. Hildebrand claimed that she qualified under the odd-lot doctrine for total disability. She filed a petition for judicial review in the district court. The district judge ruled in favor of Hildebrand and found that she did qualify for the odd-lot status and accordingly remanded the case to the Commission.

### THE FACTS

The accident occurred in 1976 during the course of Hildebrand's employment. The N.I.C. benefits covered Hildebrand's medical treatment and hospitalization for resulting thrombophlebitis.

In April of 1980 Hildebrand voluntarily retired at age 62. Her surgeon reported in September 1980 that maximum treatment had been achieved and that Hildebrand's problems related "principally to subjective complaints." The N.I.C. medical advisor found that Hildebrand had some swelling about the ankle and suggested that she receive a five percent impairment on a body basis. N.I.C. offered rehabilitative services in October of 1980. Hildebrand refused rehabilitation because she felt that she was not retrainable and because she also had voluntarily retired from employment.

Hildebrand then applied for disability benefits. The Hearing Officer awarded a five percent permanent partial disability on a

---

[1] Since the time of the events in question the N.I.C. has been reorganized and is now known as the State Industrial Insurance System. *See* 1981 Nev. Stat. ch. 642, p. 1449.

body basis. Hildebrand appealed the award arguing that she qualified for permanent lifetime total disability under the odd-lot doctrine, or alternatively, that her case warranted an increase above the five percent partial disability award. The Appeals Officer affirmed the decision. However, the district court found that Hildebrand qualified for the odd-lot status.

## THE ODD-LOT DOCTRINE

The State of Nevada, like most other states, recognizes two types of cases in which a worker may be eligible for permanent total disability benefits. The first situation is where the worker has suffered a "scheduled" injury. The second situation is where the worker qualifies under the "odd-lot" doctrine.

"Scheduled" injuries are referred to as such because they are contained in a schedule of enumerated injuries in a statute or regulation. The Nevada "scheduled" injuries are listed in NRS 616.575(1),[2] which provide that in the absence of evidence to the contrary certain named injuries, such as loss of both eyes or loss of both legs, shall be deemed permanent total disabilities. As a general rule, the determination of permanent total disability based on a scheduled injury requires reference only to the physical impairment of the worker.

On the other hand, a worker may qualify for permanent total disability benefits under the "odd-lot" doctrine even if the worker's injury is not found in the statutory schedule. The doctrine is generally recognized by use of a residuary catch-all clause following the list of scheduled injuries. In Nevada, "odd-lot" situations are recognized by NRS 616.575(2)[3] which

[2]NRS 616.575(1) states:

   Permanent total disability: Injuries deemed total and permanent.

   1.  In cases of the following specified injuries, in the absence of proof to the contrary, the disability caused thereby shall be deemed total and permanent:

   (a) The total and permanent loss of sight of both eyes.

   (b) The loss by separation of both legs at or above the knee.

   (c) The loss by separation of both arms at or above the elbow.

   (d) An injury to the spine resulting in permanent and complete paralysis of both legs or both arms, or one leg and one arm.

   (e) An injury to the skull resulting in incurable imbecility or insanity.

   (f) The loss by separation of one arm at or above the elbow, and one leg by separation at or above the knee.

[3]NRS 616.575(2) states:

   Permanent total disability: Injuries deemed total and permanent.

provides that the list of scheduled injuries is not exclusive, and that "in all other cases permanent total disability must be determined by the insurer in accordance with the facts presented."

In determining whether a worker with a nonscheduled injury qualifies for permanent total disability benefits under the odd-lot doctrine factors in addition to the physical impairment of the worker must be taken into account. This is because, as Professor Larson has stated, the odd-lot doctrine permits:

> [T]otal disability [to] be found in the case of workers who, while not altogether incapacitated for work, are so handicapped that they will not be employed regularly in any well-known branch of the labor market. The essence of the test is the probable dependability with which claimant can sell his services in a competitive labor market. . . . 2 A. Larson, The Law of Workmen's Compensation, section 57.51 (1981).

Larson has also stated that the worker need not be in a state of "utter and abject helplessness" to be considered permanently and totally disabled under the odd-lot doctrine. *Id.*

As noted above, consideration of factors other than physical impairment is necessary to determine whether a nonscheduled injury qualifies the worker for permanent total disability benefits under the odd-lot doctrine. Such factors may include, among others, the worker's age, experience, training and education. *See* E. R. Moore Co. v. Industrial Com'n, 376 N.E.2d 206, 210 (Ill. 1978); Lyons v. Industrial Special Indem. Fund, 565 P.2d 1360 (Idaho 1977); *see generally* 2 A. Larson, *supra,* at sec. 57.51. The focus of the analysis, in considering the various factors, is on the degree to which the worker's physical disability impairs the worker's earning capacity or ability to work. *See E. R. Moore Co.,* 376 N.E.2d at 210.

## JUDICIAL REVIEW

Determination of the extent or permanency of the employee's medical disability is a question of fact and the finding of the Commission will not be set aside unless it is against the manifest weight of the evidence. Interlake Steel Corp. v. Industrial Com'n, 326 N.E.2d 744, 747 (Ill. 1975).

2. The enumeration in subsection 1 is not exclusive, and in all other cases permanent total disability must be determined by the insurer in accordance with the facts presented.

Upon judicial review the district court may not substitute its judgment for that of the Commission as to the weight to be given the evidence on questions of fact. The limitation upon the district court is set forth in the Administrative Procedure Act, NRS Chapter 233B. The court is limited to the record before the Commission. NRS 233B.140(4). The district judge may not substitute his judgment for the Commission's regarding the weight of the evidence on questions of fact. NRS 233B.140(5).

Hildebrand has not come forward with sufficient evidence, medical or otherwise, to compel a finding of permanent disability. Neither her own surgeon nor the N.I.C. medical advisor indicated that she suffered any disability that would limit her activities. Hildebrand herself introduced these medical opinions; they were uncontradicted by competent medical evidence. Hildebrand could not, by her own assertion of substantial limitation, show a case of odd-lot qualification for an award of permanent total disability. The record contained substantial evidence to support the ruling of the Commission. *See* Gandy v. State ex rel. Div. Investigation, 96 Nev. 281, 607 P.2d 581 (1980).

For these reasons, we hold that the judgment of the district court was error and must be reversed. The award of the Commission is reinstated.