STATE INDUSTRIAL INSURANCE SYSTEM, an Agency of the State of Nevada, Appellant, v. DURABLE DEVELOPERS, Respondent.

No. 15452

September 4, 1986                          724 P.2d 199

*Robert G. Guinta,* Associate General Counsel, State Industrial Insurance System, Las Vegas, for Appellant.

*Nitz, Schofield & Walton,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court reversing an administrative decision of the Nevada Industrial Commission (NIC).[1] For the reasons expressed below, we reverse the district court's order and reinstate the administrative decision.

Respondent Durable Developers is a general construction contractor. Marchini Construction worked as a subcontractor on several of Durable's construction projects between January, 1979, and December, 1980. While Marchini Construction was employed by Durable, it failed to pay $106,259.52 in insurance premiums owed to the NIC. On September 18, 1981, the NIC billed Durable in the amount of $39,573.28 to cover its share of Marchini Construction's delinquency.[2] Durable objected to the assessment, and the matter was heard by an NIC administrative panel on December 17, 1981.

At the administrative hearing, Durable did not contest the NIC's authority to hold Durable liable for the indebtedness of Marchini Construction. Instead, Durable argued that any recovery should be barred by the doctrines of laches and estoppel. With respect to the claim of laches, Durable contended that NIC had taken an inordinate length of time to complete its audit of Marchini Construction. By reason of the delay, Durable argued, it had been unable to retain funds it had set aside to pay the deficiency. Durable also produced evidence that one of its

---

[1]Since the time of the events in question the NIC has been reorganized and is now known as the State Industrial Insurance System.

[2]Marchini Construction also worked for another general contractor, Pardee Construction, during the same time period. The NIC billed Pardee Construction for the remaining deficiencies.

employees had been assured by the NIC, while the audit was on-going, that Marchini was not delinquent in its premium payments. Accordingly, Durable argued that the agency should be held to be estopped from asserting the deficiency.

To rebut Durable's contentions, the NIC argued that Durable had not been prejudiced by the lengthy audit because the NIC notified Durable several times that there was a very good likelihood of significant audit adjustments. In addition, the NIC argued that the audit had been completed as quickly as possible.

Durable's vice president, Brian Wright, testified on his company's behalf at the administrative hearing. The NIC employee who had conducted the audit, Ken Thomas, also testified before the administrative panel. After hearing all the evidence, the administrative panel rendered a decision in favor of the NIC.

Durable then filed a petition for judicial review in the district court. The district court's order characterized the administrative decision as arbitrary, clearly erroneous, and unsupported by substantial evidence in the record. The court concluded that "this was clearly a case in which the doctrines of laches and estoppel should have been applied. . . ."

On appeal, the NIC argues that the district court exceeded the proper scope of review in analyzing the administrative decision. We agree.

Our review of the record before the administrative panel reveals that the parties presented conflicting evidence on the elements required to prove laches and estoppel. Under these circumstances, the existence of laches and estoppel were questions of fact. *See* Miller v. Eisenhower Medical Center, 614 P.2d 258 (Cal. 1980); Mehl v. People *ex rel.* Department of Public Works, 532 P.2d 489 (Cal. 1975).

NRS 233B.140(5) provides, in pertinent part, that a reviewing court "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." The court is limited to the record before the agency. NRS 233B.140(4). The court must determine if the administrative decision was based on substantial evidence; neither this court nor the district court may substitute its judgment for that of the administrative agency. *See* State of Nev., Nev. Emp. Sec. Dep't v. Weber, 100 Nev. 121, 676 P.2d 1318 (1984); Nevada Indus. Comm'n v. Hildebrand, 100 Nev. 47, 675 P.2d 401 (1984).

In the present case, there is substantial evidence in the record to support the agency's determination. Ken Thomas, the NIC auditor, testified that Durable had been notified of a potential deficiency as early as October, 1979. On several occasions thereafter, Durable was made aware that an audit was in progress and that there was a substantial likelihood of "significant audit adjust-

ments.'' Durable itself apparently appreciated the potential magnitude of the "adjustments," because it retained $80,000 in anticipation of the deficiency. On this basis, the administrative panel concluded that Durable had not been prejudiced by the delay in completing the audit. We cannot say that this determination was clearly erroneous.

Nor can we say that the NIC was guilty of unreasonable delay in conducting its audit. Thomas testified that, in order to determine the amount of the deficiency, it was necessary to locate and interview many of Marchini's former employees. The NIC was required to subpoena certain records and obtain others from outside the state. In concluding that the NIC's delay was unreasonable and that a claim of laches had been made out, the district court effectively substituted its judgment for that of the administrative panel.

The same can be said of Durable's estoppel argument. The record reflects that, at the time Durable's employee spoke with the NIC about Marchini's payment of premiums, Marchini was indeed paying premiums. The deficiency was not then apparent, however, because Marchini failed to report the actual wages it was paying its employees. If Durable had wished to verify that there was no deficiency, it could have requested, pursuant to NAC 616.4805(3), that the NIC provide it with a statement to this effect. According to Thomas, such a request would have been denied because of the pendency of the audit. On this record, the NIC could properly conclude that Durable had not relied on the statement allegedly made to its employees.

We conclude that the district court improperly substituted its judgment for that of the NIC panel. Accordingly, we reverse the judgment of the district court and reinstate the decision of the panel.