NEVADA EMPLOYMENT SECURITY DEPARTMENT AND STANLEY JONES, IN HIS CAPACITY AS EXECUTIVE DIRECTOR, APPELLANTS, v. SHERRY CLINE, RESPONDENT.

No. 23271

February 23, 1993             847 P.2d 736

*Crowell, Susich, Owen & Tackes,* Carson City, for Appellants.

*Law Offices of K. Michael Leavitt and David J. Rivers,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In February 1991, Sherry Cline ("Cline") enrolled in night

classes at a Clark County junior college. During the day she worked as a human resources clerk for the Desert Inn Hotel and Casino. On March 15, 1991, the Desert Inn eliminated Cline's position.

On March 29, 1991, Cline filed a claim for unemployment compensation benefits with the Nevada Employment Security Department ("NESD"). In turn, Cline received benefits from April 15 until May 31, 1991. In early June 1991, NESD sent Cline a School Attendance Questionnaire (the "questionnaire"). On the questionnaire Cline stated that starting April 15, 1991, she attended day classes Monday through Thursday from 8:00 a.m. until 11:00 a.m. She also stated that she would not change her class schedule if it conflicted with work nor would she quit school to accept a job.

Cline also gave a statement (the "report") to an NESD investigator. In the report Cline reiterated her questionnaire assertions—that school was her main goal—but that she continued to look for work compatible with her school hours. She would not, however, commit to working a graveyard shift and refused to work for less than $6.00 an hour.

Prompted by Cline's questionnaire responses and report to an NESD investigator, NESD issued a "Notice of Determination or Redetermination" (the "redetermination") finding Cline ineligible for benefits because she was "unavailable" to work, pursuant to NRS 612.375, from April 14 until May 25, 1991.[1] The redetermination further found Cline liable, pursuant to NRS 612.365(1)[2], for an overpayment of $1,212.00, the amount she received between April 14 and May 25, 1991.

Cline filed an appeal with an NESD appeals referee ("referee"). In September 1991, the referee conducted a hearing on the matter. At the hearing the referee examined Cline's application for benefits, the report, the questionnaire and the redetermination. During the hearing, Cline testified that at all times except

[1]NRS 612.375 provides in pertinent part:

    1. An unemployed person is *eligible* to receive benefits with respect to any week only if the executive director finds that:

    . . . .

    (c) He [the claimant] is able to work, and is *available for work* . . . .

(Emphasis added.)

[2]NRS 612.365 provides in pertinent part:

    1. Any person who is overpaid any amount as benefits under this chapter is liable for the amount overpaid unless:

    (a) The overpayment was not due to fraud, misrepresentation or willful nondisclosure on the part of the recipient; and

    (b) The overpayment was received without fault on the part of the recipient, and its recovery would be against equity and good conscience, as determined by the executive director.

during her final examination period, she was ready, willing and able to change her school schedule to accommodate a job.

In October 1991, the referee issued a decision affirming the redetermination by NESD. The referee found that Cline had failed to demonstrate that during April and May 1991 she was ready, willing and able to accept employment. The referee also stated that although Cline "was not fully responsible for the overpayment, she presents no evidence to support a waiver of the overpayment," and thus, pursuant to NRS 612.365, required Cline to refund the $1,212.00 overpayment.

Cline requested that the NESD Board of Review (the "board") evaluate her case. The board issued a decision declining further review.

In January 1992, Cline then instituted the instant action. Pursuant to NRS 612.525, Cline filed a petition for judicial review with the district court. After a hearing, the district court reversed the referee's decision. The district court specifically held that between April 14 and May 25, 1991, Cline evidenced NRS 612.375 "availability." Thus, the district court found that the referee, lacking substantial evidence, arbitrarily and capriciously found that NESD had overpaid Cline unemployment compensation and ordered Cline to refund the benefits. This appeal ensued.

The issues on appeal are whether substantial evidence supported the referee's decision that the State of Nevada overpaid Cline unemployment compensation benefits and whether the referee properly required Cline to refund the overpayment. After carefully reviewing the hearing transcript and the relevant documents in the matter, we conclude that substantial evidence supported the referee's decision and that the referee properly ordered Cline to repay the monies she erroneously received.

## DISCUSSION

In reviewing an administrative agency decision, we are limited to the agency record and to the determination of whether the administrative body acted arbitrarily or capriciously. State, Emp. Sec. Dep't v. Weber, 100 Nev. 121, 676 P.2d 1318 (1984). Neither this court nor the district court may substitute its judgment of the evidence for that of the administrative agency. State, Dep't of Mtr. Vehicles v. Becksted, 107 Nev. 456, 813 P.2d 995 (1991).

In turn, the inquiry is whether substantial evidence supports the administrative agency's decision. Desert Inn Casino & Hotel v. Moran, 106 Nev. 334, 792 P.2d 400 (1990). Substantial

evidence is that which "'a reasonable mind might accept as adequate to support a conclusion.'" State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986) (citations omitted).

NESD argues that the referee relied on substantial evidence in concluding that Cline was statutorily unavailable to work from April 14 until May 25, 1991. Relying upon the report, the questionnaire and the redetermination, NESD maintains that the referee properly drew a reasonable inference that Cline exhibited no attachment to the labor market during the dates at issue. Cline retorts that the record lacks evidence to support the referee's conclusion. We cannot agree with Cline's contention.

Both the report and the questionnaire contained substantial evidence that Cline did not intend to work while she attended her day classes during the months at issue. Indeed, in each document Cline unequivocally stated that she would neither quit school nor alter her schedule to secure employment. Significantly, Cline did not limit or qualify her pronouncements by asserting that they only pertained to her work availability during her final examination period. Indeed, Cline did not assert such qualifications until she testified at the hearing before the referee. Thus, we conclude that the referee rationally and reasonably inferred that Cline's unambiguous assertions on the questionnaire and the report evidenced her intent both during her final examination period and earlier in the semester.

In turn, we hold that the district court incorrectly substituted its view of the evidence for that of the referee. Thus, the referee's finding that Cline was unavailable to work during April and May 1991 is conclusive.

Additionally, after examining the record, we affirm the referee's finding that Cline purposely failed to disclose to NESD that she was unavailable for work during April and May 1991. Thus, we conclude that the referee properly required Cline to refund the overpayment pursuant to NRS 612.365.

We have carefully considered the other issues raised and conclude that they lack merit or need not be addressed given our disposition of this appeal. Accordingly, we reverse the district court's order and hereby reinstate the referee's decision.