STATE INDUSTRIAL INSURANCE SYSTEM, AN AGENCY OF THE STATE OF NEVADA, AND GREYHOUND EXPOSITION SERVICES, INC., APPELLANTS, v. KURT SHIRLEY, RESPONDENT.

No. 23497

March 24, 1993          849 P.2d 256

*R. Scott Young,* General Counsel, and *William A. Zeigler,* Associate General Counsel, Carson City, for Appellant SIIS.

*J. Michael McGroarty,* Las Vegas, for Appellant Greyhound Exposition Services, Inc.

*Greenman, Goldberg, Raby & Marinez,* and *Daniel Simon,* Las Vegas, for Respondent.

---

[1]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this matter.

## OPINION

*Per Curiam:*

On January 9, 1989, respondent Kurt Shirley ("Shirley"), while employed as a part-time manual laborer for appellant Greyhound Exposition Services, Inc. ("GES"), injured his spine by the repetitive motion of picking up fifty-pound boxes and putting them under a table. As a result, Shirley filed a claim with appellant State Industrial Insurance System ("SIIS") for, among other benefits, a vocational rehabilitation award.

Thereafter, SIIS referred Shirley for a Comprehensive Integrated Workup ("CIW"), where a panel of physicians from different medical disciplines, including neurosurgery, physical medicine and rehabilitation, neurology, orthopedic surgery and psychiatry, evaluated his physical and mental condition. In June 1990, the CIW panel issued a report in which they stated that Shirley's "level of work activities and subjective complaints were incongruent with the medical evidence." Specifically, the panel opined that given Shirley's various pre-existing, non-industrial problems including "significant obesity" and "degenerative disc disease," Shirley should only return to work at a medium level.[1]

---

[1]The panel defined medium level as lifting a maximum of fifty pounds infrequently or lifting or carrying twenty-five pounds frequently. Evidence in

Significantly, the panel noted that: "These limitations are based on *pre-existing, non-industrial degenerative disc disease* of the lumbar spine which were incidental findings and secondary to his premorbid obesity. *There would be no limitations whatsoever if one were to consider his industrial complaints only.*" (Emphasis added.)

Upon receipt of the CIW report, SIIS informed Shirley that he was not entitled to the vocational rehabilitation benefits. Citing the CIW panel's findings, SIIS stated that Shirley's work limitations arose from his pre-existing infirmities; and thus, pursuant to SIIS regulations, he did not satisfy the eligibility requirements for vocational rehabilitation benefits.

Shirley appealed SIIS's decision to an agency hearing officer, who in turn affirmed SIIS's findings. The hearing officer weighed all of the medical evidence from the CIW panel and the other treating and examining physicians. The hearing officer found Shirley capable of returning to pre-accident employment with no restrictions that owed their etiology to industrial sources.

In 1991, Shirley reasserted his claim to a SIIS appeals officer. The appeals officer affirmed the hearing officer's determination. Consequently, Shirley petitioned the district court for judicial review of the appeals officer's decision. After a hearing, the district court reversed, finding the appeals officer's decision affected by an error of law and not supported by substantial evidence. This appeal ensued.

The issue on appeal is whether the district court properly held that the appeals officer's decision reflected an error of law and was not supported by substantial evidence. After careful consideration of the applicable law, the record and the arguments on appeal, we conclude that the appeals officer's decision was not affected by an error of law and that substantial evidence supported the denial of Shirley's claim for vocational rehabilitation benefits.

## DISCUSSION

Pursuant to NRS 233B.135(3), a district court may set aside an agency ruling if, among other things, the agency's decision is affected by an error of law or it is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Neither this court nor the district court may substitute its judgment of the evidence for that of an administrative agency. NRS 233B.135(3); Employment Security Dep't v. Cline, 109 Nev. 74, 847 P.2d 736 (1993). Thus, if sound legal reasoning and substan-

---

the record suggests that Shirley's previous job with GES required him to exceed a medium level.

tial evidence supports the agency's determination, reviewing courts are bound to sustain the agency's decision. Apeceche v. White Pine Co., 96 Nev. 723, 615 P.2d 975 (1980).

On appeal SIIS and GES argue that pursuant to SIIS regulations, Shirley does not satisfy the eligibility requirements for a vocational rehabilitation award because his pre-existing, non-industrial related conditions rendered him unable to return to his previous job. SIIS and GES also assert that substantial evidence and sound legal reasoning supported the appeals officer's decision, and thus, the district court improperly substituted its judgment of the case for that of agency reviewers. We agree.

NAC 616.076 delineates the species of injury required for vocational rehabilitation benefits: "An injured worker must be physically unable to return to the job he held before his injury *because of an industrial injury or occupational disease* to receive rehabilitative services." (Emphasis added.)

This regulation unambiguously requires that as a prerequisite for the receipt of vocational rehabilitation benefits, an industrial-related injury must render the worker incapable of performing a previous job. This position is also supported by case law. Chappaz v. Golden Nugget, 107 Nev. 938, 822 P.2d 1114 (1991) (to receive vocational rehabilitation services, competent medical authority must establish that because of an industrial-related injury, the worker is physically unable to return to his or her pre-injury employment). Significantly, the CIW panel doctors were the only health care professionals to assess Shirley's eligibility for vocational rehabilitation benefits. In turn, they expressly found that Shirley's job restrictions arose from solely non-industrial related etiologies. Thus, given the panel's findings, a plain reading of NAC 616.076 and *Chappaz* precludes Shirley from receiving state-funded vocational rehabilitation services.

In turn, the appeals officer did not commit an error of law in denying Shirley's claim for vocational rehabilitation benefits.

Additionally, we hold that substantial evidence supported the appeals officer's decision. Indeed, the CIW panel unequivocally found that Shirley endured no residual industrial injury and that only non-industrial related conditions prevented Shirley from returning to his position at GES. Given the panel's findings, we hold the record contained substantial evidence upon which to deny Shirley vocational rehabilitation benefits.

Thus, we conclude that the district court erroneously supplanted its judgment for that of the agency and improperly reversed the appeals officer's ruling.

We have carefully considered the other issues raised on appeal and conclude that they lack merit or need not be addressed given our disposition of this appeal. Accordingly, we reverse the district court's order and hereby remand with instructions to reinstate the appeals officer's decision.