*1058 OPINION

Per Curiam:

This appeal arises from a contested industrial insurance claim for compensation. Appellant Frank J. Ranieri was working for respondent Catholic Community Services (CCS) when he was involved in an industrial accident. A few years before the accident, Ranieri had suffered two strokes, and the accident aggravated his residual physical disabilities.
CCS terminated his employment and the State Industrial Insurance System (SIIS) granted Ranieri permanent total disability (PTD) status. CCS then offered Ranieri a position of “sedentary employment.” SIIS’s hearing officer reversed the initial determination, finding insufficient evidence to support a finding of odd-lot, i.e. a non-scheduled, PTD. Ranieri appealed this determination, and the appeals officer then reversed the hearing officer, indicating that sufficient evidence did exist to warrant a finding of odd-lot PTD. CCS then appealed, and the district court reversed the appeals officer stating that sufficient evidence to warrant PTD status under the odd-lot theory did not exist. Ranieri appealed to this court, arguing that the appeals officer’s decision was supported by substantial evidence and that the district court acted arbitrarily in reversing this decision.

FACTS

In 1984, Ranieri was hired as the food manager at the Indian Springs prison. Ranieri stated that this position was very stressful and attributed his first stroke to this workplace stress.
*1059 Ranieri suffered his first stroke on July 5, 1985. He recuperated for a while and then returned to work. The stress returned when he went back to work. He resigned from his managerial food service position at the prison. Despite this, he had another stroke on December 7, 1985.
After suffering the second stroke, he “relaxed and rested for approximately a year.” Then he opened a bakery. He started with a vacant store and installed the bakery himself. His bakery became the sole supplier of all the pizzas for a theme park in Las Vegas. In 1987, he made 52,000 dozen pizzas for the park. In its decision and order, the appeals officer deemed Ranieri to have made a “remarkable recovery” in light of his successful opening and operating of this business.
His business became very busy. So, in 1987, he sold it. At that time, he began working for CCS as a food service manager. During his time at CCS, Ranieri’s health was good, and he had no physical problems performing any of his job duties.
Ranieri’s industrial accident occurred on May 10, 1989. It was an automobile accident. Early that morning, Ranieri was en route to pick up an employee who needed a ride to work when his car was broadsided. Ranieri’s neck, shoulders, back, and hip were injured in the accident. Ranieri was fired by CCS on July 26, 1989.
Regarding his condition after the accident, Ranieri testified that he no longer could carry items of any significant weight, he was not able to raise his left arm to the height he could prior to the accident, his limp from the stroke was exacerbated, and numbness in his left side increased. Also, the pain in his back was fairly constant; he could not sit or stand in one place or position for any appreciable length of time.
A PTD summary of Ranieri’s medical evaluations was prepared by a SIIS nurse, who concluded, based on Ranieri’s complete file, that Ranieri should be on PTD status because of the combination of his strokes and the damage to his cervical and lumbar area as a result of the accident. The summary included recommendations and findings by Ranieri’s family physician, a neurosurgeon, SIIS’s medical advisor, and the comprehensive integrated workup (CIW) panel of physicians.
Ranieri’s family physician, who had evaluated his physical capabilities prior to the industrial accident, stated that until the automobile accident, Ranieri was able to perform his duties at work. However, the accident aggravated his condition to such an extent that even light work was impossible. The family physician also stated that Ranieri could not stand or sit too long because it aggravated his lower back and concluded that Ranieri was disabled and incapable of performing a reasonable day’s work.
*1060 The neurosurgeon described Ranieri’s condition as typical of a stroke victim and was unable to make a certain statement that Ranieri’s condition was worsened by the accident.
The CIW categorized Ranieri as an odd-lot PTD and no longer employable due primarily to his previous cardiovascular history. However, the CIW panel found the following conditions to be related to the industrial accident: neck pains resulting from a cervical sprain and complaints of low back and lower left extremity pain due to muscle and ligament strain.
The SIIS nurse’s evaluation of all the above evaluations was then passed on to the medical advisor who agreed with the CIW report that Ranieri should be considered an odd-lot PTD.
Ranieri also underwent an evaluation by American Rehabilitation Corporation (ARC). The ARC summary concluded that based on his age and the severity of the functional limitations which resulted from the combination of his industrial injury and stroke, Ranieri presented a poor candidate for vocational rehabilitation. The ARC counselor testified that any viable jobs in the labor market for Ranieri would have to be very sedentary. It was also pointed out that Ranieri could only use his right hand to perform manual tasks and that he could generally use his left hand or arm only to stabilize objects.
SIIS wrote Ranieri on August 27, 1991, to inform him that he had been placed on PTD status. In late October, 1991, after SIIS had informed Ranieri of its decision, CCS offered him a job working at the St. Vincent’s warehouse as a “tagger.” The job required sitting, pricing clothing, and then lifting and placing the clothing items into a box next to his chair. The job required that Ranieri work eight hours a day, five days a week, and make $5.00 per hour. CCS later raised Ranieri’s offered hourly rate to $6.50 per hour.
One of the physicians on the CIW panel concluded that “on the basis of the industrial findings only, it is clear that Mr. Ranieri could return to work in the pricer position offered in the employment information sheet. However, because of pre-existing/non-industrial findings it was the Panel’s opinion that Mr. Ranieri was not employable.” (Emphasis added.)
CCS had SIIS’s initial determination to grant Ranieri PTD status reviewed by SIIS’s hearing officer. The hearing officer reversed the insurer’s determination. The hearing officer concluded that insufficient evidence existed to support the insurer’s finding of odd-lot disability.
The SIIS appeals officer reversed the hearing officer. In his conclusions of law, the appeals officer stated that determining permanent total disability under the odd-lot doctrine requires reviewing the claimant’s age, work experience, training, and *1061 education, as well as the nature and extent of the claimant’s actual disabilities. The appeals officer based his decision on his findings of fact which included consideration of Ranieri’s previous recoveries after his strokes and his current condition, the findings of the neurosurgeon that Ranieri would not be hired by the average employer because of his disabilities, the CIW’s determination that Ranieri was permanently and totally disabled and no longer employable, the conclusions of the SIIS nurse in the PTD work sheet, and the conclusions of the ARC counselor that Ranieri would be a poor candidate for vocational rehabilitation.
After the appeals officer’s decision, CCS petitioned for judicial review of Ranieri’s case. The district court concluded that the appeals officer erroneously applied the odd-lot doctrine and failed to resolve the problem, as the district court saw it, that Ranieri “was capable of sedentary employment, and that sedentary employment was available for him with his former employer by way of reasonable accommodation.” As a result, the court reversed the hearing officer’s decision.
Ranieri filed a motion for rehearing, arguing that the district court inappropriately focused on the cause of Ranieri’s disabilities, rather than on his actual condition of disability. This motion was denied. Ranieri then appealed the district court’s decision to this court.

DISCUSSION

Substantial evidence existed before the appeals officer to warrant a finding of permanent total disability

“The court shall not substitute its judgment for that of the agency as to the weight of evidence on a question of fact.” NRS 233B.135(3). In pertinent part, NRS 233B.135(3) allows the court to set aside the final decision of the agency if the final decision is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or is arbitrary, capricious, or characterized by abuse of discretion. Additionally, courts are limited to examining the same record which was before the agency. Nevada Indus. Comm’n v. Hildebrand, 100 Nev. 47, 52, 675 P.2d 401, 404 (1984).
We must decide, therefore, if the evidence on the whole record supports the appeals officer’s decision to grant Ranieri permanent total disability status. Total disability is defined by NRS 616.117 as “incapacity resulting from an accident arising out of and in the course of employment which prevents the covered workman from engaging, for remuneration or profit, in any occupation for which *1062 he is or becomes reasonably fitted by education, training or experience.” SIIS recognizes two types of cases in which workers may be eligible for total disability benefits. Hildebrand, 100 Nev. at 50, 675 P.2d at 403. “Scheduled” injuries are the first type listed in NRS 616.575(1).
However, Ranieri’s permanent and total disability was determined under the odd-lot doctrine. This doctrine provides that even if the worker’s injury is not found in the statutory schedule, that worker can still be deemed permanently and totally disabled. This doctrine is based on the residuary catch-all clause, NRS 616.575(2), which states: “The enumeration in subsection 1 is not exclusive, and in all other cases permanent total disability must be determined by the insurer in accordance with the facts presented.” See also Hildebrand, 100 Nev. at 50, 675 P.2d at 403.
In Hildebrand, this court stated that factors in addition to physical impairment of the worker must be taken into account because total disability can be found in workers who, although not altogether incapacitated for work, are so handicapped that they will not be regularly employed in any well-known branch of the labor market. Id. at 51, 675 P.2d at 404. These factors include, among others, “the worker’s age, experience, training and education.” Id. Additionally, a worker does not need to be in a state of utter and abject helplessness to appropriately receive a PTD determination under the odd-lot doctrine. Id.
Ranieri is advanced in age and has a limited education and limited potential for transferability of job skills, and nearly every physician examining him concluded that he was not employable. It was this type of evidence and the extensive evaluations of a variety of physicians which led the appeals officer to determine that Ranieri should indeed be placed on PTD status.
In reviewing the evidence in front of the appeals officer, we conclude that substantial evidence existed to warrant a finding of PTD status, and therefore the appeals officer’s decision was not arbitrary, capricious, or the result of an abuse of discretion.

Odd-lot permanent total disability does not require a showing that each element be solely related to the industrial injury

The district court seems to imply that the focus in determining whether Ranieri qualified for permanent and total disability status rests with the cause of the disability. In this case, the industrial accident contributed to but did not totally cause Ranieri’s disability.
*1063 Despite pre-existing conditions, a claimant may still be declared a PTD and compensated as such under State Industrial Insurance System v. Kelly, 99 Nev. 774, 776, 671 P.2d 29, 30 (1983). To be compensated, a claimant must show that “the claimed disability or condition was in fact caused or triggered or contributed to by the industrial injury and not merely the result of the natural progression of the preexisting disease or condition.” Id. at 775-76, 671 P.2d at 30.[1]
In the instant case, the record reflects that several of the physicians evaluating Ranieri considered his PTD status to have resulted from the industrial accident and its aggravation of his pre-existing condition from his strokes. In evaluating CCS’s offer to Ranieri to work putting price tags on clothing, the CIW panel concluded that based solely on the industrial accident, the duties would be acceptable but that “because of pre-existing/non-industrial findings . . . Ranieri was not employable.” The CIW panel, therefore, considered the pre-existing and industrial causes in tandem in reaching its conclusion that Ranieri should be granted PTD status.
Therefore, under existing Nevada case law and under the statutory authority existing at the time of Ranieri’s injury and the appeals officer’s decision, an odd-lot PTD determination does not require a claimant’s disability to be solely related to industrial causes. Additionally, substantial evidence existed to warrant a finding, per Kelly, that Ranieri’s industrial accident exacerbated his pre-existing condition and was a cause of his PTD.

Ranieri can still be found to be permanently and totally disabled despite CCS’s offer to him of gainful employment

CCS claims that the appeals officer improperly decided to *1064 award Ranieri permanent total disability notwithstanding the job offer from CCS for sedentary employment. However, this job offer did not come from CCS until two months after SIIS had granted Ranieri PTD status and over two years after it had terminated Ranieri’s employment.
CCS further argues that Ranieri simply refused its valid job offer because he had chosen at this point in his life not to return to work. However, evidence in the record also reflects that this job offer may not have been within Ranieri’s physical limitations. His family practitioner concluded that because Ranieri could not sit or stand for any appreciable amount of time, even light duty would be impossible. The CIW panel stated that based solely on consideration of his industrial injuries, Ranieri could return to work in the position of a pricer. The job work sheet did indicate that sitting could be “at will.” However, the panel concluded that the combination of the pre-existing condition and industrial factors rendered Ranieri unemployable. It was also noted that Ranieri could only use his right arm effectively and that sitting for prolonged periods caused him pain.
The issue of Ranieri’s ability to perform this job is a question of fact, and courts may not substitute their judgment for that of the agency. NRS 233B. 135(3). Substantial evidence exists in the record to show that this job was not within Ranieri’s physical limitations. Therefore, we conclude that no abuse of discretion by the appeals officer is evidenced by granting Ranieri PTD status in spite of this job offer.

CONCLUSION

We conclude that nothing in the record indicates that the appeals officer abused his discretion or acted against the weight of evidence in granting Ranieri PTD status and that, therefore, the district court erred in reversing his decision. Accordingly, we now reverse the order of the district court and remand with instructions to reinstate the appeals officer’s decision.

NRS 616.50185 was added in 1993 and reads:
1. An employee is not entitled to compensation pursuant to the provisions of this chapter if:
(a) He has a preexisting condition from a cause or origin that did not arise out of or in the course of his current or past employment; and
(b) He subsequently sustains an injury by accident arising out of and in the course of his employment which aggravates, precipitates or accelerates his preexisting condition,
unless the subsequent injury is the primary cause of the resulting disability.
(Emphasis added.) Although, this does not apply to employees who, before June 18, 1993, were receiving compensation pursuant to NRS Chapter 616 under these conditions, this new section would make the appeals officer’s decision to grant Ranieri PTD status subject to closer scrutiny by a district court. However, since Ranieri received benefits before the date noted, this provision is inapplicable to him.