OPINION
By the Court,
Shearing, J.:

FACTS

On August 19, 1995, respondent Aurelio Perez injured his back in the course and scope of his employment as a laborer with Forrest Concrete Company. Perez accepted a lump sum Permanent Partial Disability (PPD) award of $14,721.51. Thereafter, he was referred to a vocational rehabilitation program pursuant to NRS 616C.555. The program was unsuccessful, and therefore Perez claimed that he was entitled to Permanent Total Disability (PTD) status under the “odd-lot” doctrine.[1] Perez made this request for permanent total disability in a letter from his attorney to Delia Martinez, a rehabilitation counselor with the *298 Employers Insurance Company of Nevada (EICON). EICON did not respond to this request. Perez appealed and ultimately an appeals officer reversed EICON’S de facto denial of Perez’s claim for permanent total disability.
EICON contends that the appeals officer was without jurisdiction to entertain the claim for permanent total disability status because Perez failed to comply with the formal re-opening procedures required by NRS 616C.495(2) and 616C.390(4). NRS 616C.495(2) provides:
If the claimant elects to receive his payment for a permanent partial disability in a lump sum ... all of his benefits for compensation terminate. His acceptance of that payment constitutes a final settlement of all factual and legal issues in the case. By so accepting he waives all of his rights regarding the claim, including the right to appeal from the closure of the case or the percentage of his disability, except:
(a) His right to reopen his claim according to the provisions of NRS 616C.390; and
(b) Any counseling, training or other rehabilitative services provided by the insurer.
NRS 616C.390(4) provides:
. . . [I]f an application to reopen a claim is made in writing within 1 year after the date on which the claim was closed, the insurer shall reopen the claim only if:
(a) The application is supported by medical evidence demonstrating an objective change in the medical condition of the claimant; and
(b) There is clear and convincing evidence that the primary cause of the change of circumstances is the injury for which the claim was originally made.
(Emphasis added.)
EICON contends that the appeals officer had no jurisdiction to consider the claim for permanent total disability because Perez failed to seek re-opening via the formalities required by NRS 616C.495(2) and that Perez’s letter seeking re-opening was deficient because it made no reference to any medical evidence. EICON also contends that, to the extent that the letter is treated as initiating a formal re-opening process, there was no objective medical evidence to support re-opening.

DISCUSSION

The construction of a statute is a question of law which this court reviews de novo. See Maxwell v. SIIS, 109 Nev. 327, 329, 849 P.2d 267, 269 (1993).
*299 There is no question that Perez did not include supporting medical evidence in his request for a change from permanent partial disability to permanent total disability as is specified in NRS 616C.390(2). However, total disability claims may have non-medical, as well as medical components. After accepting his permanent partial disability award, Perez was evaluated for vocational rehabilitation. The results showed that he had low vocational aptitudes, a third-grade education and little English. At his request, he was nevertheless referred to vocational programs, but was unsuccessful in developing a rehabilitation plan. The appeals officer made the following findings:
21. That the testimony from the Claimant, as well as reporting from Ray Figeroa of ARC, indicated that Claimant is a poor candidate for vocational rehabilitation because of his extremely low vocational aptitude scores, his inability to communicate in the English language, his minimal formal education (3rd grade) and very limited job background (exclusively construction).
22. In addition, Claimant testified that he has difficulty in seeing which would make him a poor vocational rehabilitation candidate and that he has pain in his hands and his inability to move or separate the right ring finger and pinky finger on his right hand which limits his manual dexterity.
23. That Claimant has shown by a preponderance of the evidence that he is a candidate and should be provided with permanent total disability benefits pursuant to the “odd-lot” doctrine.
Factors other than physical impairment may be considered in determining whether an injury qualifies a worker for permanent total disability benefits. Nevada Indus. Comm’n v. Hildebrand, 100 Nev. 47, 51, 675 P.2d 401, 404 (1984). Such factors may include, among others, the worker’s age, experience, training, and education. Id. Here, the limitations from the previous physical injury, combined with the other non-medical intellectual and social factors, made Perez eligible for permanent total disability after his permanent partial disability award. It was not new medical evidence which made Perez eligible for permanent total disability. It was his old disability plus the newly discovered factors which made him eligible. Therefore the requirement in NRS 616C.390(2) for medical evidence was not appropriate to his situation. There does not appear to be any intention on the part of the legislature to deprive someone of permanent total disability benefits after it is discovered that he is not amenable to vocational rehabilitation. Therefore, we do not construe the requirement in *300 NRS 616C.390(4) for medical testimony to be a jurisdictional requirement for re-opening a claim.
Furthermore, we conclude that the letter to Ms. Martinez from Perez’s attorney qualified as an application for re-opening the claim. The failure of EICON to respond was, in effect, a denial of the claim, granting Perez the right to appeal. We conclude that the appeals officer had jurisdiction to review this de facto denial, and that the appeals officer’s findings were supported by substantial evidence. The other arguments of EICON are without merit.
The judgment of the district court is affirmed.
Becker, L, concurs.

The odd-lot doctrine is “[a] doctrine which permits finding of total disability where claimant is not altogether incapacitated for any kind of work but is nevertheless so handicapped that he will not be able to obtain regular employment in any well-known branch of the competitive labor market absent superhuman efforts, sympathetic friends or employers, a business boom, or temporary good luck.” Black’s Law Dictionary 1080 (6th ed. 1990). See Nevada Indus. Comm’n v. Hildebrand, 100 Nev. 47, 675 P.2d 401 (1984).