Maupin, J.,
concurring:
Two types of permanent partial disability (“PPD”) re-openings are contemplated under NRS 616C.390(4): (1) to increase PPD benefits based upon a medical change in the worker’s condition; and (2) to seek a change in the characterization of the award to permanent total disability (“PTD”).[1] Here, Perez seeks reclassification under the “odd-lot” doctrine. See NRS 616C.435(2); Nevada Indus. Comm’n v. Hildebrand, 100 Nev. 47, 675 P.2d 401 (1984).
The question of utmost importance on this appeal is whether, as a jurisdictional matter, the industrial insurer itself or the Department of Administration may never entertain a claim for conversion of PPD to PTD status in the absence of medical evidence of an objective change in the worker’s condition. Clearly, NRS 616C.390 requires competent medical evidence as a precondition to re-opening. Further, the statutory scheme, as indicated, contemplates re-opening to convert PPD status to PTD status. However, “odd-lot” total disability claims have two components, only one of which is addressed in NRS 616C.390(4).
Unlike the re-opening of a PPD claim to effect a simple increase in the PPD rating, the re-opening of a claim seeking *301 permanent total disability status may have either medical or non-medical components. First, a condition may have ripened into a scheduled disability under NRS 616C.435(1). This type of change in status is addressed by the terms of the re-opening statute because the change could only be demonstrated by objective medical evidence. Second, a program of rehabilitation undertaken after a PPD award may demonstrate an inability of the worker to return to employment because of the effect of non-medical issues acting in synergy with the known medical condition. This is the sine qua non of “odd-lot” permanent total disability. In Hildebrand, this court identified examples of non-medical components, i.e., age, experience, training and education. Third, the medical condition could worsen and, along with non-medical issues, cause the worker’s status to deteriorate to the extent “odd-lot” status is appropriate.
Again, the re-opening statute requires proof of an objective change in the industrial medical condition as a condition to re-opening a claim following an award. It makes no mention of a change of the non-medical or “social” circumstances as a basis for re-opening a PPD award to claim “odd-lot” PTD status. I do not believe that this omission was intentional.
I would therefore elaborate on the majority analysis as follows. A PPD award may be re-opened to claim PTD status if the following is established with legally competent evidence documenting: (1) an objective change in the worker’s medical condition stemming from the industrial injury which demonstrates a scheduled total disability under NRS 6160.435(1); (2) a legitimate inability to rehabilitate the worker such that he or she qualifies for unscheduled (“odd-lot”) permanent disability; or (3) changes in the worker’s medical condition which, in combination with non-medical issues, would justify “odd-lot” status. Of course, these proofs must satisfy the requirements of NRS 616C.435. If the various permutations are not recognized, the statutory re-opening scheme would not fully account for the possibilities attendant to PTD claims based upon the “odd-lot” doctrine.

Perez contends that he was not required to seek formal re-opening with supporting medical evidence because a claim to convert a worker’s PPD status to PTD status is simply the end result of a failure of rehabilitative services which are allowed under NRS 616C.495(2). In light of the plain language of NRS 616C.390(4), I disagree. However, in my view, the letter to Ms. Martinez qualified as formal application for re-opening.
I am also of the opinion that the statutory language requiring that such applications be supported with medical evidence does not require that the evidence itself be physically attached to the actual communication stimulating the re-opening process. It is sufficient if there is a general averment mentioning the supporting evidence, which must be provided during the administrative proceedings over the claim.