An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NED BRUEN A/K/A ED BRUEN,
Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF PUBLIC SAFETY,
RECONSIDERATION ASSESSMENT
PANEL BY AND THROUGH PANEL
MEMBERS CONNIE S. BISBEE AND
AMY E. PATTERSON,
Respondents.

No. 60249

**FILED**

JUL 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order denying a petition for judicial review of a risk assessment panel decision. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Ned Bruen was convicted of multiple sexual assault crimes involving minor children.[1] After serving time in prison, Bruen was approved for parole, subject to community notification requirements as required by statute and based on his rating as a Tier II sex offender. Bruen appealed to respondent State of Nevada, Department of Public Safety, Reconsideration Assessment Panel (the Department), seeking to be reclassified as a Tier I offender. The Department upheld the Tier II designation, and the district court upheld the Department's decision.

---

[1]As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21815

On appeal, Bruen argues that the Department abused its discretion in applying certain risk assessment criteria to the facts of his case. Bruen also challenges the constitutionality of the statutes controlling the risk assessment, contending that the scoring matrix fails to take into account an offender's age and history of rehabilitative treatment, and that the assessment score is impermissibly binding on the agency's determination. We disagree.

*Standard of review*

"This court's function when reviewing a district court's order denying a petition for judicial review is the same as the district court's: to determine whether substantial evidence supports the appeals officer's decision and whether that decision is affected by legal error." *Holiday Retirement Corp. v. State, DIR*, 128 Nev. ___, ___, 274 P.3d 759, 761 (2012). This court may not substitute its judgment for that of an agency "as to the weight of evidence on a question of fact," and our review is limited to the record that was before the agency. NRS 233B.135(3); *Emp't Sec. Dep't v. Cline*, 109 Nev. 74, 76, 847 P.2d 736, 738 (1993). The burden of proof is on the party attacking the agency's decision to show that the final decision is not supported by substantial evidence. NRS 233B.135(2).

*Substantial evidence supports the Department's decision*

Bruen argues that the Department improperly scored the assessment criteria regarding degree of force, degree of victim injury, and the number of victims. Having reviewed the briefs and record on appeal, we conclude that the Department's findings with regard to each of the above criteria are supported by substantial evidence and that Bruen has failed to meet his burden under NRS 233B.135(2). *Cline*, 109 Nev. at 76-77, 847 P.2d at 738 (defining substantial evidence as "that which a

reasonable mind might accept as adequate to support a conclusion" (internal quotations omitted)).

*The statutes governing sex-offender assessments are not unconstitutional*

Bruen argues that the statutes in NRS Chapter 179D governing the assessment of sex offenders are unconstitutional.[2] In doing so, Bruen first argues that the rating criteria improperly permit the Department to disregard an offender's age and efforts of rehabilitation.

We disagree, as the scoring matrix satisfies NRS 179D.720's requirement that the Department consider factors relevant to the risk of recidivism, such as whether an offender's risk is diminished by therapy treatments and advanced age or debilitating illness. *Dutchess Bus. Servs. v. State, Bd. of Pharm.*, 124 Nev. 701, 709, 191 P.3d 1159, 1165 (2008) (holding that this court "defer[s] to an agency's interpretation of its governing statutes or regulations if the interpretation is within the language of the statute"). Alternatively, Bruen appears to simply be arguing that these criteria should have been rated as more significant mitigating factors in his assessment, or that the Department failed to adequately consider his age and rehabilitation efforts. Because the record shows that the Department took these factors into consideration in reaching its decision, we conclude that this argument is unpersuasive. *Cline*, 109 Nev. at 77, 847 P.2d at 738.

Finally, Bruen argues that the statutes are unconstitutional because the rating criteria are impermissibly binding and preclude the

---

[2]We note that the statutes in question were repealed on July 1, 2008 by A.B. 579, 74th Leg. (Nev. 2007); Nev. Stat., ch. 485, § 56, at 2780. However, neither party challenges the fact that the provisions of NRS Chapter 179D were properly applied to Bruen's assessment.

Department from exercising its discretion. Other jurisdictions have rejected this position. *See, e.g., People v. Ferrer*, 894 N.Y.S.2d 387, 389 (App. Div. 2010). We similarly reject this argument, as Bruen makes no factual assertion that the Department blindly accepted the matrix score as determinative for its assessment. Instead, pursuant to NRS Chapter 179D and Nevada's Guidelines and Procedures for Community Notification of Adult Sex Offenders, the risk assessment methodology is not binding and the agency "shall have the capability to over-ride any tier level risk assessment." It simply chose not to alter the assessment rating here.

Thus, we conclude that the Department's decision is supported by sufficient evidence and that Bruen has failed to raise a relevant or persuasive constitutional argument on appeal. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. James Todd Russell, District Judge
     Richard F. Cornell
     Attorney General/Dep't of Public Safety/Carson City
     Carson City Clerk