An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDDIE DUTCHOVER,
Appellant,
vs.
STATE OF NEVADA, DEPARTMENT
OF PUBLIC SAFETY; NEVADA
HIGHWAY PATROL DIVISION; AND
STATE OF NEVADA DEPARTMENT
OF PERSONNEL, STATE PERSONNEL
COMMISSION,
Respondents.

No. 61491

FILED

JUN 25 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review of a state government employment decision. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Eddie Dutchover was employed as a trooper with respondent Nevada Highway Patrol (NHP) for eleven years until he was terminated for committing "[f]raud in securing appointment" and "[d]ishonesty." Dutchover's termination came as the result of an incident that occurred roughly three years prior to the time he joined the NHP. In 1995, Dutchover was traveling from Mexico back to the United States when he was detained at the border. Custom officials discovered six different types of steroids that were illegal in the United States in a hidden compartment under the dashboard of Dutchover's vehicle. Dutchover was not arrested, but the steroids were seized and his vehicle was impounded. He paid a $500 fine to retrieve the vehicle.

In 1998, Dutchover applied to become an NHP trooper with respondent, State of Nevada Department of Motor Vehicles and Public

SUPREME COURT
OF
NEVADA

(O) 1947A

14-20899

Safety (DPS), but he failed to disclose the 1995 border incident during the application process. Eleven years later, the border incident came to the attention of his superiors, and, after an investigation, Dutchover was terminated despite his contention that he had forgotten about the incident at the time he applied to be an NHP trooper. He appealed the termination to respondent State of Nevada Department of Personnel, State Personnel Commission, and a hearing officer determined that Dutchover had intentionally concealed the border incident during the application process and that his termination was warranted. Dutchover petitioned for judicial review in the district court, and the court upheld Dutchover's termination. This appeal followed.

"This court's function when reviewing a district court's order denying a petition for judicial review is the same as the district court's: to determine whether substantial evidence supports the appeals officer's decision and whether that decision is affected by legal error." *Holiday Ret. Corp. v. State, Div. of Indus. Relations*, 128 Nev. ___, ___, 274 P.3d 759, 761 (2012). "Neither this court nor the district court may substitute its judgment of the evidence for that of the administrative agency," and review is limited to the record that was before the agency. *Nev. Emp't Sec. Dep't v. Cline*, 109 Nev. 74, 76, 847 P.2d 736, 738 (1993); NRS 233B.135(1)(b), (3).

At the administrative hearing, the hearing officer found that Dutchover intentionally concealed the border incident and thus committed "[f]raud in securing appointment" pursuant to NAC 284.650(8), and "[d]ishonesty" pursuant to NAC 284.650(10). Based on our review of the record before us, we conclude that substantial evidence supports the hearing officer's findings. The evidence presented demonstrated that two

and one-half years prior to applying to be an NHP trooper, Dutchover was detained at the Mexican border. At that time, a search of his vehicle resulted in the discovery of illegal substances, which were confiscated and caused his car to be impounded. The personal history report Dutchover was required to complete during the application process inquired specifically about the use, possession, and transportation of controlled substances, including steroids, and Dutchover failed to disclose this incident on his application. Finally, during the NHP's internal investigation, Dutchover was interviewed and asked whether he failed to disclose the incident because he believed there would be no record, to which he answered "[t]here was no record of it[,] that is according to what they told me."

We conclude that the hearing officer's decision that Dutchover's violations warranted termination was not arbitrary or capricious. *See Holiday Ret. Corp.*, 128 Nev. at ___, 274 P.3d at 761; *State ex rel. Whalen v. Welliver*, 60 Nev. 154, 159, 104 P.2d 188, 190-91 (1940) (explaining that dismissal of a law enforcement officer must be supported by "legal cause, . . . one touching the qualifications of the officer or his performance of his duties"); NRS 284.385(1)(a) (providing that a state employee may be "[d]ismiss[ed] . . . when the appointing authority considers that the good of the public service will be served thereby").

This court has previously recognized that honesty is fundamental to a law enforcement officer's ability to effectively perform his or her job. *See Bisch v. Las Vegas Metro Police Dep't*, 129 Nev. ___, ___, 302 P.3d 1108, 1115 (2013) ("A police officer's job is to uphold the law, and the act of lying . . . could plausibly bear directly upon [his or her] fitness to be an officer."). Because NHP officers are often called upon to

testify in court, Dutchover's dishonesty may allow his credibility to be impeached, thus rendering him a liability on the stand and unable to perform a vital function of his duties as a law enforcement officer. *See id.* at ___, 302 P.3d at 1115 (noting that since officers are often summoned as witnesses at trial, an officer's "untruthfulness could be used to impeach [the officer's] credibility").

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Michelle Leavitt, District Judge
Paul H. Schofield, Settlement Judge
Law Office of Daniel Marks
Attorney General/Transportation Division/Las Vegas
Eighth District Court Clerk