An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,
Appellant,
vs.
TERRY BURTRAND,
Respondent.

No. 63949

**FILED**

APR 17 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Respondent Terry Burtrand suffered an industrial injury to her back when employed by appellant Las Vegas Metropolitan Police Department (Metro) as a Senior Law Enforcement Support Technician. Due to progressive worsening of her symptoms, Burtrand received workers' compensation benefits for several years, including medical benefits for surgery and physical therapy and a permanent partial disability award. Although Burtrand continued to work during this time, she eventually went on medical leave and took a premature disability retirement. Around that time, Burtrand also requested permanent total disability (PTD) benefits under the odd-lot doctrine. PTD benefits initially were denied, but an appeals officer awarded benefits on administrative appeal, and the district court denied judicial review. Metro has appealed.

Having considered the parties' briefs and appendices, we conclude that the appeals officer's decision is both legally and factually supportable. The odd-lot doctrine allows workers who are not altogether

15-11567

incapacitated for work to be deemed permanently and totally disabled if they are "so handicapped that they will not be regularly employed in any well-known branch of the labor market." *Ranieri v. Catholic Cmty. Servs.*, 111 Nev. 1057, 1062, 901 P.2d 158, 161 (1995); *see also* NRS 616C.435(2). Factors to be considered in applying the odd-lot doctrine include the worker's age, experience, training, and education. *Ranieri*, 111 Nev. at 1062, 901 P.2d at 161.

Here, the appeals officer considered the evidence presented by the parties in light of those factors, including evidence that Burtrand's transferable skills could not be used in the workplace due to her inability to sit, stand, and walk without pain. The appeals officer found Burtrand's testimony credible and also specifically relied on three medical reports: that of Dr. Wendell Burris, Burtrand's personal physician; that of Dr. Robin Genereaux, a vocational rehabilitation counselor; and that of Dr. Mark Rosin, who performed an independent medical examination on Burtrand. Each of these reports supports the appeals officer's findings. *See Westin Hotel v. Indus. Comm'n of Ill.*, 865 N.E.2d 342, 357-58 (Ill. App. Ct. 2007) (recognizing that evidence from both a rehabilitation services provider or a vocational counselor and medical doctors support a PTD finding under the odd-lot doctrine). Further, after the district court remanded for the appeals officer to clarify whether Burtrand was precluded from working in the competitive labor market at large or merely in her former position at Metro, the appeals officer expressly found that, based on the reports and Burtrand's physical limitations, she could not return to "working in the competitive labor market at large," warranting a PTD finding under the odd-lot doctrine.

While the record contains conflicting evidence regarding appellant's ability to work, this court will not reweigh the evidence or replace the appeals officer's judgment as between two reasonable but conflicting views. *See* NRS 233B.135; *Nellis Motors v. State, Dep't of Motor Vehicles*, 124 Nev. 1263, 1269-70, 197 P.3d 1061, 1066 (2008) (explaining that this court will not reweigh the evidence, reassess witness credibility, or substitute our judgment for that of the appeals officer on questions of fact). The appeals officer applied the correct legal standard and substantial evidence supports the appeals officer's determination that Burtrand qualifies for PTD benefits under the odd-lot doctrine. *See Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557 & n.4, 188 P.3d 1084, 1087 & n.4 (2008) (noting that the appeals officer's decision will not be disturbed if supported by substantial evidence, which is evidence that a reasonable person could accept as adequately supporting a conclusion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Michael Villani, District Judge
Richard A. Harris, Settlement Judge
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Nevada Attorney for Injured Workers/Las Vegas
Eighth District Court Clerk