JERRY HERBST, Appellant, *v.* HUMANA HEALTH INSURANCE OF NEVADA, INC., Respondent.

No. 19709

October 24, 1989                    781 P.2d 762

*John Peter Lee, Grenville Thomas Pridham* and *James J. Lee,* Las Vegas, for Appellant.

*Lionel Sawyer & Collins* and *Dennis L. Kennedy,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

Appellant Jerry Herbst (Herbst) sued respondent Humana Health Insurance of Nevada, Inc. (Humana) for reimbursement for private critical care nursing services and other claims. The jury found in favor of Herbst on his claim for reimbursement and awarded him $22,400. Herbst asked for attorney's fees of $56,846.25 pursuant to 29 U.S.C. § 1132(g)(1). The court awarded Herbst attorney's fees of $6,587.91, which represented 25 percent of the judgment. Herbst appealed, contending that he deserved the fees he asked for.

We hold that the district court correctly determined that attorney's fees were warranted. The court, however, erred because it used incorrect standards in determining the amount of attorney's fees to be awarded. We therefore reverse the court's determination as to the amount of attorney's fees awarded and remand this case back to the district court to issue an award of attorney's fees consistent with this opinion.

## FACTS

On November 12, 1985, Herbst was severely injured in a boating accident in Key West, Florida. He came under the care of Dr. Barth Green, the head of the neurological unit at Jackson Memorial Hospital. Dr. Green determined that Herbst needed to be in the intensive care unit of the hospital but no beds were available there. Dr. Green then ordered that Herbst be placed in a regular room with private critical care nurses. Without such care Dr. Green believed that Herbst could die at any time.

Herbst spent $22,500 in expenses for private critical care nurses. He was covered for medical bills by a group health insurance policy issued by Humana to Herbst's employer. On February 12, 1986, Herbst submitted claims to Humana. Humana denied Herbst's claim for critical care nursing. Herbst filed a complaint against Humana for wrongful refusal to reimburse Herbst for medical expenses. The complaint also sought damages and punitive damages for fraud, breach of implied duty of good faith and fair dealing, and intentional infliction of emotional distress. The court dismissed the latter claims on the ground that they were preempted by the Employee Retirement Income Security Act of 1974 (ERISA). Herbst's claim for reimbursement went to jury trial on May 16, 1988. The trial lasted five days. The jury returned a verdict in favor of Herbst for $22,400.

In September 1988, Herbst's attorney submitted a motion to the court pursuant to 29 U.S.C. § 1132(g)(1) for attorney's fees of $56,846.25. The district court awarded Herbst attorney's fees of $6,587, stating specifically that this sum represented 25 percent of the judgment. The district court stated that in determining the *amount* of attorney's fees it looked to the factors listed in Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980). The court held that pursuant to *Hummell:* (1) Humana did not act in bad faith in refusing to pay for Herbst's critical care nursing; (2) Humana was able to pay attorney's fees; (3) both parties' positions were meritorious and supported by credible evidence; (4) the case involved a unique issue of fact which is unlikely to reoccur and therefor an award of attorney's fees would have no effect on other insurers; and (5) the award would benefit only Herbst and not other participants in the ERISA plan.

## LEGAL DISCUSSION

In *Hummell* the Ninth Circuit Court of Appeals reversed a district court which *refused to award attorney's fees* to the prevailing party in a suit governed by ERISA. The court cited five factors which a court should use in determining *whether* attorney's fees should be awarded. These factors are: (1) the degree of the opposing party's bad faith; (2) the ability of the party to satisfy an award of attorney's fees; (3) whether an award of attorney's fees would deter others from acting similarly; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an existing plan or resolve a significant question regarding ERISA; and (5) the relative merits of the parties positions. *Hummell,* 63 F.2d at 453.

The five factors mentioned in *Hummell* are used only to determine whether or not attorney's fees should be awarded in a case

governed by ERISA. There are no cases which stand for the proposition that the *Hummell* factors should be used to determine the amount of attorney's fees to be awarded.

The correct method for determining the amount of attorney's fees under federal statutes has been decided by the United States Supreme Court and other federal courts. After a court has determined that attorney's fees are appropriate it then must multiply the number of hours reasonably spent on the case by a reasonable hourly rate to reach what is termed the lodestar amount. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564-566 (1986); Patton v. County of Kings, 857 F.2d 1379, 1382 (9th Cir. 1988); Southerland v. International Longshoremen's and Warehousemen's Union, 845 F.2d 796, 800-801 (9th Cir. 1988). There is a strong presumption that the lodestar rate is reasonable. *Delaware Valley Citizens,* 478 U.S. at 565; *Patton,* 857 F.2d at 1382.

After the court has determined the lodestar fee it may adjust it based on the 12 factors mentioned in Hensley v. Eckerhart, 461 U.S. 424 (1983). *See also* Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 719 (5th Cir. 1974).[1] These factors, termed the *Johnson-Kerr* factors, are used by the court not to determine the lodestar amount but to support an award of attorney's fees greater or lesser than the presumptively valid lodestar amount. Trustees of Cent. States v. Golden Nugget, Inc., 697 F.Supp. 1538 (C.D.Cal. 1988).

The United States Supreme Court has held that the calculation of the lodestar amount as well as the use of the *Johnson-Kerr* factors are applicable to all cases in which Congress has authorized an award of attorney's fees to the prevailing party. *Hensley,* 461 U.S. at 433. The *Hummell* factors are used only to determine if attorney's fees are warranted. Hence, the district court erred when it used the *Hummell* factors and failed to use the lodestar calculation and the *Johnson-Kerr* factors in determining the amount of attorney's fees to be awarded to Herbst.[2] The court

---

[1]The 12 factors are: (1) the time and work required; (2) the difficulty of the issue; (3) the skill required to perform the service; (4) the amount of time taken away from other work; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed on the attorney by the case; (8) the amount of money involved and the results obtained; (9) the reputation, experience, and ability of the attorney; (10) the lack of desirability of the case; (11) the length of acquaintanceship with the client; and (12) awards in similar cases. *Hensley,* 461 U.S. at 430.

also erred in calculating attorney's fees as a percentage of the total judgment.

Humana contends that the failure of Herbst to provide the court with a detailed breakdown of his fees entitled the court to reduce his fees accordingly. We disagree. The trial court did not hold that Herbst's fees were reduced because he did not document his bills. The court expressly stated that it was giving Herbst 25 percent of the judgment and was using the *Hummell* factors to determine the amount of fees. As stated previously, these are incorrect methods to use in determining the amount of attorney's fees in an ERISA case. Moreover, the Ninth Circuit Court of Appeals requires only that affidavits submitted by the parties be sufficient to enable the court to consider all factors necessary to determine a reasonable attorney's fee. Dennis v. Chang, 611 F.2d 1302, 1308 (9th Cir. 1980). In a sworn affidavit Charlene Smith, the accounting manager for John Peter Lee, Ltd., states that Herbst's attorney performed 439.5 hours of work and that 359.5 hours of work was performed by legal assistants. This affidavit combined with the fact that Herbst's attorney worked for two years on the case, established 12 volumes of records on appeal, and engaged in a five day trial should enable the court to make a reasonable determination of attorney's fees.

Finally, Humana contends that since Herbst originally filed eight claims, only one of which went to trial, Herbst should not be awarded attorney's fees for the time he worked on the unsuccessful claims. We disagree. *Hensley* holds that where the plaintiff's claims involve a common core of facts he is entitled to attorney's fees even for the work performed on his unsuccessful claims. It is only where a plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims that he should not be entitled to attorney's fees for work done on the unsuccessful claims. *Hensley,* 461 U.S. at 435. Herbst's claims against Humana were for fraud, breach of implied duty of good faith and fair dealing, intentional infliction of emotional distress, and breach of contract. All of these claims arose from a common core of facts: (1) Herbst was injured in an accident; (2) Herbst's doctor ordered critical care nursing for him; and (3) Humana refused to pay for the nursing. Therefore, the fact that Herbst did

---

[2]It should be noted that the use of the *Hummell* factors to determine the amount of an award of attorney's fees is unreasonable since these factors are not capable of being quantified.

not prevail on some claims does not preclude recovery for the time Herbst worked on those claims since all claims arose from a common core of facts.

We affirm the district court's holding that attorney's fees were warranted, reverse the court's determination of the amount of attorney's fees to be awarded Herbst, and remand this case back to the district court to calculate the correct amount of attorney's fees consistent with this decision. In its determination of attorney's fees the court is directed to use the lodestar method as refined by the *Johnson-Kerr* factors.