MEMORANDUM *
*787 In an opinion filed concurrently, we hold that under McCarran International Airport v. Sisolak, 137 P.3d 1110 (Nev.2006), Ordinance 1221 constituted a regulatory per se taking under the Nevada Constitution, remand for determination of just compensation in light of Sisolak, and affirm Judge Jones’s decision that Ordinance 1198, as applied to the Landowners’ property, did not amount to a taking. In the following memorandum disposition, we review the parties’ remaining arguments on appeal. We affirm in part, reverse in part, and remand for further proceedings consistent with this disposition. As the parties are familiar with the extensive factual record in this case, we do not recite it here.
DISCUSSION
A. Attorneys and Appraisal Fees
We apply N.R.S. § 342.105(1) and the federal Uniform Relocation Assistance and Real Property Acquisition Policies Act (“Relocation Act”) and affirm the attorneys and appraisal fee awards as not clearly erroneous.

1. Relocation Act

Under N.R.S. § 342.105(1), Nevada state agencies subject to the Relocation Act must pay costs and expenses consistent with the Relocation Act and the regulations promulgated thereunder. The Relocation Act requires that “[t]he court rendering a judgment for the plaintiff in a proceeding brought under section 1346(a)(2) or 1491 of Title 28, awarding compensation for the taking of property by a Federal agency,” shall award “reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.” 42 U.S.C. § 4654(c). Federal regulations provide that the Relocation Act applies to “any acquisition of real property for programs and projects where there is Federal financial assistance.” 49 C.F.R. § 24.101.
The County raises two challenges to the application of the Relocation Act in this case. First, the County contends that the Landowners are not sufficiently displaced from their property to qualify for recovery under the Relocation Act because the Landowners have occupied the land and have built to 38 feet in the subject airspace. In the concurrently filed opinion, we hold that Ordinance 1221 effected a permanent physical taking of airspace under the Nevada Constitution. Simply because the Landowners continue to use the property under the taken airspace does not bar recovery of costs and fees for inverse condemnation proceedings involving the taking of the airspace. See Sisolak, 137 P.3d at 1130.
The County also argues that the Relocation Act does not apply because there is no evidence that the particular runway expansion projects at McCarran Airport that affected the Landowners’ property received federal funding. As interpreted by the Nevada Supreme Court, “[t]he provisions of NRS Chapter 342 apply when ‘the public body administering the programs or projects [is] funded in whole or in part by the federal government.’ ” Sisolak, 137 P.3d at 1129 (quoting County of Clark v. Alper, 100 Nev. 382, 685 P.2d 943, 952 (1984)). Recovery under the Relocation Act is permitted for “programs and projects” receiving federal financial assistance, 49 C.F.R. § 24.101, and we do not read the word “programs” as mere surplusage. See Sisolak, 137 P.3d at 1129 (“The Relocation Act entitled [the property owner] to an award of attorney fees because the County received federal *788 funding for numerous improvements at McCarran Airport.”). Judge Jones’s finding that the Relocation Act applies because the McCarran Airport improvement program receives federal funding is affirmed as not clearly erroneous.

2. Attorneys Fees

Judge Jones awarded the Landowners $600,000 in attorneys fees for the Landowners’ current and prior attorneys, stating that “a reasonable fee ... I think has to be based upon the services rendered, what the nature of those services were, and in other words, a lo[de] star rational, and analysis of those fees.” The Landowners argue that the court should have awarded the percentage provided in the contingency fee agreement with their current counsel instead of applying the lodestar approach.
“The lodestar approach involves multiplying ‘the number of hours reasonably spent on the case by a reasonable hourly rate.’ ” Shuette v. Beazer Homes Holdings Corp., 121 Nev. 837, 124 P.3d 530, 549 n. 98 (2005) (quoting Herbst v. Humana Health Ins. of Nevada, 105 Nev. 586, 590, 781 P.2d 762, 764 (1989)). The Relocation Act provides for the recovery of “reasonable” fees. 42 U.S.C. § 4654(c), and, as we have held in other contexts, the lodestar approach is a proper method for determining the reasonableness of attorneys fees. See, e.g., Bailen v. City of Redmond, 466 F.3d 736, 745-46 (9th Cir.2006) (characterizing the lodestar figure as the “presumptively accurate measure of reasonable fees” when calculating permissible fees under 42 U.S.C. § 1988).
The Landowners’ citation to Osprey Pacific Corporation v. United States, 42 Fed. Cl. 740 (1999), is unpersuasive. In Osprey, the court held that “where there is sufficient evidence that the contingent fee is ‘reasonable’ in light of the complexity and time requirements of the case, a plaintiff may recover attorney fees based on a contingency agreement.” Id. at 742. In so holding, however, the court in Osprey relied on the plaintiffs showing that the contingency fee agreement was reasonable in light of the work put into the case, the difficulty of the case, and the uncertainty of the substantive law. Id. at 743. The Landowners have not made such a showing in this case. The Landowners’ observation that current counsel’s contingency fee at 20% is less than the prevailing rates in a particular geographical area is insufficient evidence of the reasonableness of the fee. We affirm the district court’s calculation of attorneys fees under the lodestar method.

3. Appraisal Fees

We affirm Judge Jones’s award of $25,000 in litigation expenses on similar grounds. The $25,000 award is less than the appraisal fees actually incurred, and Judge Jones did not abuse his discretion in finding that $25,000 in litigation expenses was reasonable.
B. Property Tax Reimbursement
We also affirm Judge Jones’s decision denying Landowners a property tax reimbursement. N.R.S. § 361.227(1) provides that the taxable value of real property is determined by considering “any legal or physical restrictions upon [the uses to which land may lawfully be put], the character of the terrain, and the uses of other land in the vicinity.” Judge Jones reasoned that “the taxes are calculated on the value of the property without the airspace and you probably already received the benefit of a reduction of tax attributable to that,” and the Landowners have not pointed to evidence that this finding was erroneous.
C. Prejudgment Interest
We hold that Judge Jones did not clearly err in determining the rate of prejudg *789 ment interest, but remand for further proceedings regarding the application of N.R.S. § 37.175(3). Should the district court find that N.R.S. § 37.175(3) does not apply, it should calculate prejudgment interest as accruing on the date of passage of Ordinance 1221.

1. Interest Rate

“The determination of a reasonable rate of interest is a finding of fact and should be disturbed only if clearly erroneous.” United States v. 50.50 Acres, 931 F.2d 1349, 1354 (9th Cir.1991). Judge Jones determined that the statutory rate of interest of 7.25% in effect at the time of judgment was appropriate. In Nevada, “[t]he statutory interest rate establishes at least a prima facie basis for determining a fair rate and is not controlling if some other rate is required to meet the constitutional requirement of just compensation.” County of Clark v. Alper, 100 Nev. 382, 685 P.2d 943, 952 (1984). A court must consider an alternative interest rate only if “competent evidence is presented supporting another rate of interest as being more appropriate.” State ex rel. Dep’t of Transp. v. Barsy, 113 Nev. 712, 941 P.2d 971, 975 (1997), overruled on other grounds by GES, Inc. v. Corbitt, 117 Nev. 265, 21 P.3d 11, 13 n. 6 (2001).
We agree with Judge Jones that the Landowners failed to present competent evidence to support a more appropriate rate of interest. The Landowners’ proposed 31.4% rate of land appreciation is based on calculations made entirely by the Landowners’ counsel, and the Landowners provide no authority that these land appreciation rates are relevant to prejudgment interest rate calculations. The Landowners’ argument for semiannual adjustment also fails. Under Nevada law, a semiannual adjustment is required only after the entry of judgment; the applicable starting rate is that in place “immediately preceding the date of judgment.” N.R.S. § 17.130(2). As to the Landowners’ final challenge to the prejudgment interest calculation, there is no controlling Nevada law requiring compound interest, and the Landowners did not provide evidence that compound interest is necessary to provide just compensation.

2. N.R.S. § 37.175(3)

N.R.S. § 37.175(3) relieves plaintiffs in eminent domain actions of paying interest for “the period from the date of a trial which is continued past 2 years after the date of the first service of the summons, until the date of entry of judgment, if the continuance was caused primarily by the defendant.” Because inverse condemnation proceedings are governed by “the same rules and principles that are applied to formal condemnation proceedings,” we conclude that Nevada courts would hold that N.R.S. § 37.175(3) pertains to this case even though the statute refers only to eminent domain actions on its face. See Alper, 685 P.2d at 949, (holding that N.R.S. § 37.120(l)(b) also applies to inverse condemnation proceedings).
We are unable to conclude that the district court properly applied N.R.S. § 37.175(3) in determining that the County had failed to prove that the delay was caused “primarily” by the Landowners. The statute expressly states that the relevant inquiry requires a comparison of the conduct of the two parties: “primarily” means “the greater amount, quantity or quality of acts of the plaintiff or the defendant ... that would cause the trial to be continued past 2 years after the date of the first service of the summons.” N.R.S. § 37.175(3). Judge Jones focused on whether the Landowners were at “fault” when they asked for continuances instead of comparing the acts of the Landowners with the acts of the County and determining which party, of the two, was more responsible for the delay. On remand, the *790 district court shall consider the Landowners’ conduct resulting in the delay relative to the conduct of the County in deciding whether N.R.S. § 37.175(3) applies in this case.[1]

3. Date of Accrual

In Alper, the Nevada Supreme Court held that “the owner is entitled to interest for the delay in payment from the date of the taking until the date of the payment.” 685 P.2d at 950. As held in the concurrently filed opinion, Ordinance 1221 effected a permanent physical taking of the Landowners’ property under the Nevada Constitution. For such takings, the act of physical invasion is the act of taking. See United States v. Clarice, 445 U.S. 253, 258, 100 S.Ct. 1127, 63 L.Ed.2d 373 (1980); Sisolak, 137 P.3d at 1130. Thus, if the district court finds that N.R.S. § 37.175(3) does not apply, the district court should calculate the interest as accruing on the date of passage of Ordinance 1221. See Sisolak, 137 P.3d at 1130 (citing Alper, 685 P.2d at 950).
CONCLUSION
We affirm the award of attorneys and appraisal fees, the denial of a property tax reimbursement, and the prejudgment interest rate applied.
We remand the calculation of prejudgment interest for a reconsideration of whether N.R.S. § 37.175(3) applies. Should the district court determine that N.R.S. § 37.175(3) does not apply and therefore that the County is required to pay interest, prejudgment interest shall be calculated from the date of passage of Ordinance 1221.
As stated in the concurrently filed opinion, the parties shall each bear their own costs on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided *787 by 9th Cir. R. 36-3.

. The County requests that we take judicial notice of records in the underlying state and bankruptcy cases. “Generally, we will not consider facts outside the record developed before the district court,” but "we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.” United States ex rel. Robinson Ranchería Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992). See also Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n. 2 (9th Cir.2006).
Our decision to remand the case to the district court for reconsideration of whether N.R.S. § 37.175(3) applies is based on a misapplication of the statute, not on the particular details of this case’s procedural history through the state and bankruptcy courts. We accordingly deny the County’s motion for judicial notice of these court records without prejudice to renewal of this motion before the district court, recognizing that a number of these documents may be relevant to the district court’s consideration of the issues on remand.