OPINION
 

 By the Court,
 

 Parraguirre, J.:
 

 In this appeal, we address whether the required evidentiary standard for administratively revoking emission-inspector and emission-station licenses is by clear and convincing evidence or preponderance of the evidence. We conclude that the standard is preponderance of the evidence. In light of our conclusion, we further conclude that there was substantial evidence in this matter to revoke appellants’ licenses.
 

 
 *1265
 

 FACTS AND PROCEDURAL HISTORY
 

 This case concerns the issuance of three allegedly fraudulent passing emissions certificates in 2004. Appellants David and Mary Brown own and operate appellant Nellis Motors (collectively, Nellis Motors), a used car dealership in Las Vegas, Nevada. In the early 1990s, Nellis Motors obtained an emission-station license, and Mr. Brown acquired an emission-inspector license.
 

 In 2004, respondent the Nevada Department of Motor Vehicles (DMV) determined that Nellis Motors either fraudulently issued passing emissions certificates or failed to provide proper evidence of compliance regarding certificates issued to Shane and Cynthia Pollan, Sandra Rowen, and Kelvin Flowers. As a result, the DMV sent Nellis Motors two notice-of-violation and intended-action statements, indicating that the DMV intended to assess a $500 fine against Nellis Motors and revoke Nellis Motors’ emission-station license and Mr. Brown’s emission-inspector license. In response, Nellis Motors denied the allegations and sought an administrative hearing on each individual matter.
 

 In the Pollan matter, the DMV asserted the following: (1) at the time of purchase, the Pollans’ vehicle was inoperative; (2) the vehicle was located at the Pollans’ home during the alleged emission test; and (3) Nellis Motors did not deliver a passing certificate with the vehicle. In the Rowen matter, the DMV asserted that Rowen’s vehicle had an inoperable air injection system, which prevented the vehicle from passing an emissions test. In the Flowers matter, the DMV asserted that Flowers’ vehicle was missing a catalytic converter, which prevented it from passing the emissions test.
 

 The administrative law judge’s decision
 

 During the administrative hearing, Nellis Motors asserted that the applicable evidentiary standard was clear and convincing evidence, while the DMV asserted that it was preponderance of the evidence. Following the hearing, the administrative law judge affirmed the DMV’s fine and license revocations, concluding that the DMV successfully proved, by a preponderance of the evidence, that Nellis Motors fraudulently issued the emissions certificates. In reaching this conclusion, the administrative law judge rejected Nellis Motors’ suggestion that the heightened clear-and-convincing standard applied in fraudulent-emission-certificate cases.
 

 Following the administrative law judge’s decision, Nellis Motors petitioned the district court for judicial review. The district court denied judicial review, ruling that the preponderance-of-the-evidence standard was the appropriate evidentiary standard in these matters and concluding that substantial
 
 *1266
 
 evidence supported the administrative law judge’s decision. Nellis Motors appeals.
 

 DISCUSSION
 

 The administrative law judge concluded that the DMV had proven by a preponderance of the evidence that: (1) Mr. Brown knowingly and willfully or with gross negligence did not conduct an emissions test on the Pollans’ vehicle; (2) Mr. Brown knowingly and willfully or with gross negligence issued a fraudulent pass certificate on Rowen’s vehicle, because its air injection pump was inoperable on the date of the test; and (3) Mr. Brown, with gross negligence, issued a passing emissions certificate to Flowers even though his vehicle lacked a catalytic converter.
 

 On appeal, Nellis Motors challenges these findings, asserting that the applicable evidentiary standard is clear and convincing evidence. Even if the standard is preponderance of the evidence, Nellis Motors contends that the DMV did not present substantial evidence to support the administrative law judge’s conclusions.
 

 The applicable standard of proof
 

 Nellis Motors contends that the administrative law judge erred in applying the preponderance-of-the-evidence standard to these emission-license revocation proceedings. Instead, since the license-revocation statutes implicate fraudulent acts, Nellis Motors asserts that the applicable standard is the clear-and-convincing standard that applies in civil fraud actions. In addition, Nellis Motors argues that a license involves a constitutionally protected property right, the revocation of which requires the State to meet its burden by clear and convincing evidence.
 

 This court reviews de novo an administrative law judge’s interpretation of the law.
 
 [1]
 
 As a preliminary matter, we recognize that the United States Supreme Court has stated that when Congress fails to clearly provide the burden of proof in an administrative proceeding, the judiciary may prescribe the appropriate standard.
 
 [2]
 
 Following the U.S. Supreme Court’s lead, we conclude that absent a clear mandate by the Nevada Legislature, this court must determine the appropriate standard of proof in an administrative proceeding.
 
 [3]
 

 No statute governing the revocation of emissions-related licenses contains an evidentiary standard. Thus, we must determine
 
 *1267
 
 the appropriate evidentiary standard in emission-license revocation proceedings. Considering the legislative intent behind the emissions-license revocation statute and procedural due process requirements, we conclude that the appropriate evidentiary standard for administratively revoking an emissions license is preponderance of the evidence.
 

 Nevada’s legislative intent
 

 Nellis Motors argues that the appropriate evidentiary standard should be clear and convincing evidence because when the DMV seeks to revoke emissions licenses under NRS 445B.790 and 445B.800, it is essentially alleging fraud.
 
 [4]
 
 We disagree.
 

 In Nevada, a plaintiff must prove a general civil fraud claim, which requires intent to defraud, with clear and convincing evidence.
 
 [5]
 
 When revoking an emission license under NRS 445B.790(2), the DMV must show that the licensee intentionally or negligently issued a fraudulent emissions certificate. Further, “[a] fraudulent certificate includes, but is not limited to: (1) [a] backdated certificate; (2) [a] postdated certificate; and (3) [a] certificate issued without an inspection.”
 
 [6]
 
 Thus, the term “fraudulent certificate” does not necessarily require deceitful intent, but includes negligently failing to follow the statutory requirements. In other words, an emission-license revocation is distinguishable from civil fraud because the inspector may negligently issue a fraudulent certificate, while civil fraud occurs only when there is intentional deceit. Thus, we conclude that the clear-and-convincing-evidence standard that governs in the civil fraud cases does not apply in this case because the statutory scheme allows the DMV to prove its case by negligence,
 
 [7]
 
 which requires a lesser evidentiary standard than civil fraud.
 

 Our conclusion is also consistent with Nevada’s regulatory rules, which distinguish emissions fraud from general civil fraud. For example, NAC 445B.463(l)(h)(l) allows the DMV to revoke a station-emissions license if the defendant misrepresents a fact either intentionally or with gross negligence.
 

 In sum, we conclude that if the Legislature wanted a heightened evidentiary standard, it would not have provided for the DMV to prove its case by mere negligence standards.
 

 
 *1268
 

 Procedural due process
 

 A procedural due process analysis also supports our conclusion. Due process of law is required whenever the state deprives a person of “life, liberty, or property.”
 
 [8]
 
 This court has stated that “the legal process due in an administrative forum ‘is flexible and calls for such procedural protections as the particular situation demands.’”
 
 [9]
 
 In determining the amount of process required, this court considers the following three-pronged test set forth by the U.S. Supreme Court in
 
 Mathews v.
 
 Eldridge: “(1) the private interest affected; (2) the risk of erroneous deprivation by the procedures used; and (3) the government interest to be protected in light of the fiscal and administrative burdens imposed by additional procedural safeguards.”
 
 [10]
 
 We conclude that the preponderance-of-the-evidence standard provides the proper amount of procedural due process in an emissions-license revocation hearing.
 

 Regarding the private interest, we cannot say that an emission-inspector or emission-station license is a significant private interest. Although the revenue from the emission testing may be substantial, the loss of revenue alone does not weigh towards a heightened evidentiary standard.
 

 The second prong also weighs against requiring a heightened standard because the record suggests that the DMV conducted a thorough investigation in the Pollan, Rowen, and Flowers matters. Nellis Motors argues that the administrative law judge’s failure to apply a clear-and-convincing standard resulted in an arbitrary, unjustified, and erroneous revocation of Mr. Brown’s and Nellis Motors’ licenses. But the examples that Nellis Motors points to— the administrative law judge’s determination of the witnesses’ credibility, the location of the Pollan vehicle, the operability of the Rowen vehicle’s air injection pump, and the existence of the Flowers vehicle’s catalytic converter — simply go toward its argument that the DMV’s evidence did not support a clear-and-convincing standard. Thus, Nellis Motors merely challenges the administrative law judge’s conclusions and has not produced any arguments regarding how a heightened evidentiary standard would reduce the risk of an erroneous deprivation of the licenses.
 
 [11]
 

 
 *1269
 
 Finally, the State’s interest is substantial, and the fiscal and administrative burdens imposed by additional procedural safeguards do not warrant a heightened evidentiary standard. The State’s interest in emission testing, as noted in the statutory scheme, includes preventing property damage and maintaining a level of air quality that protects human health and safety, plant and animal life, and Nevada’s esthetic and historic value.
 
 [12]
 
 The State also has an interest in protecting its citizens from fraudulent or negligently issued emission certificates. Thus, the State’s interest in emissions testing substantially outweighs any potential decrease in the erroneous deprivation of emission licenses.
 

 In sum, all three prongs of the
 
 Mathews
 
 test weigh against a heightened evidentiary standard. And given the lack of a legislative mandate, we conclude that the appropriate evidentiary standard in administrative emission-license revocation hearings is preponderance of the evidence. Our conclusion is consistent with U.S. Supreme Court decisions, which have upheld the preponderance-of-the-evidence standard in similar proceedings involving either administrative discipline or important rights.
 
 [13]
 

 The administrative law judge’s determination
 

 In light of our determination that the preponderance-of-the evidence standard applies to administrative proceedings regarding emission-license revocations, we now address Nellis Motors’ final argument: the administrative law judge inappropriately affirmed the DMV’s disciplinary actions because substantial evidence did not support its findings of statutory violations by a preponderance of the evidence. We disagree.
 

 This court reviews an administrative decision for substantial evidence under an abuse of discretion standard.
 
 [14]
 
 “Substantial evidence is that which ‘a reasonable mind might accept as adequate to support a conclusion.’ ”
 
 [15]
 
 This court will affirm an agency’s decision unless the appellant shows that the decision prejudiced the appellant’s substantial rights.
 
 [16]
 
 We will not reweigh the evidence,
 
 *1270
 
 reassess the witnesses’ credibility, or substitute the administrative law judge’s judgment with our own.
 
 [17]
 

 The Pollan matter
 

 The administrative law judge found that the Pollans’ vehicle was inoperable at the time Nellis Motors allegedly performed the emission test, that “cold piping” occurred (the process of hooking up another vehicle during the emission test), and that Nellis Motors never delivered a passing emission certificate to the Pollans.
 

 The following evidence in the record supports the administrative law judge’s findings. First, Shane Pollan testified to the following: (1) he did not test drive the vehicle before purchasing it; (2) he observed Nellis Motors spray the engine with starter fluid, which allowed the engine to idle for only a few seconds before shutting off; (3) Nellis Motors agreed to tow the vehicle to his house because it would not drive; and (4) Nellis Motors delivered the vehicle before the alleged testing time. Second, Cynthia Pollan testified that she did not test drive the vehicle before purchasing it. Third, the Pollans both testified that they did not receive a passing emissions certificate and did not instruct Nellis Motors to delay processing the title or emissions paperwork. Bobbie Glenn, Nellis Motors’ office manager, testified that Mr. Brown neither told her that Nellis Motors performed a smog test nor instructed her to suspend processing the temporary placard.
 

 We conclude that substantial evidence supports the administrative law judge’s findings that Nellis Motors neither performed an emission test on the Pollans’ vehicle nor delivered an emissions certificate with the vehicle.
 

 The Rowen matter
 

 The administrative law judge found that Rowen’s vehicle could not have passed an emissions test because it had an inoperable air injection system.
 

 The following evidence in the record supports that finding. First, Rowen testified that she did not work on the engine or remove an air injection pump after she purchased the vehicle. Second, a DMV emission control technician and a DMV compliance investigator and emission technician both testified that the air injection system was inoperable because extensive rust and grime prevented the pump from properly turning, the system was missing a belt and pulley, and there were no scratches or marks to suggest tampering with the air injection system. Finally, a mechanic who independently inspected the vehicle testified that the vehicle’s in
 
 *1271
 
 operable air injection system prevented it from passing an emissions test.
 

 We conclude that substantial evidence supports the administrative law judge’s findings that Nellis Motors did not perform an emission test on Rowen’s vehicle because it could not have passed the smog inspection due to an inoperable air injection system.
 

 The Flowers matter
 

 The administrative law judge found that Flowers’ vehicle could not have passed an emission test because it was missing a catalytic converter and that Nellis Motors fraudulently issued a passing emission certificate.
 

 The following evidence in the record supports the administrative law judge’s finding. First, a DMV emissions technician testified that he visually confirmed the missing catalytic converter. Second, a DMV compliance inspector testified that the emissions readings on the vehicle’s passing certificate were unusually low based on the vehicle’s age, make, and high engine idle rate, and he visually confirmed the missing catalytic converter. Third, a DMV emission control technician examined the vehicle and visually examined the missing catalytic converter. Finally, the administrative law judge admitted pictures of the vehicle’s undercarriage, which corroborated witness testimony that the vehicle was missing a catalytic converter.
 

 We conclude that substantial evidence supports the administrative law judge’s finding that Nellis Motors fraudulently issued a passing certificate on Flowers’ vehicle because it could not have passed an emission test without a catalytic converter.
 

 CONCLUSION
 

 In sum, based on the legislative intent behind the emission-license regulation scheme and procedural due process considerations, we conclude that the appropriate evidentiary standard in an administrative emissions-license revocation proceeding is preponderance of the evidence.
 

 Further, we conclude that the record contains substantial evidence to support the administrative law judge’s factual findings and legal conclusions revoking Nellis Motors’ emission-station license and Mr. Brown’s emission-inspector license. Accordingly, we affirm the district court’s order denying Nellis Motors’ petition for judicial review.
 

 Hardesty and Douglas, IJ., concur.
 

 [1]
 

 Weaver v. State, Dep’t of Motor Vehicles,
 
 121 Nev. 494, 498, 117 P.3d 193, 196 (2005).
 

 [2]
 

 Steadman
 
 v.
 
 SEC,
 
 450 U.S. 91, 95 (1981).
 

 [3]
 

 Id.
 

 [4]
 

 In
 
 Steadman,
 
 the U.S. Supreme Court addressed the applicable evidentiary standard in an administrative disciplinary proceeding regarding antifraud provisions of the federal securities law, and clearly rejected a similar argument.
 
 See
 
 450 U.S. at 96 n.10 (holding that unless Congress mandates a clear-and-convincing standard, the Court will not apply the civil fraud standard to administrative proceedings).
 

 [5]
 

 Bulbman, Inc. v. Nevada Bell,
 
 108 Nev. 105, 110-11, 825 P.2d 588, 592 (1992).
 

 [6]
 

 NRS 445B.790(2)(c).
 

 [7]
 

 Id.
 

 [8]
 

 U.S. Const, amend. XIV, § 1; Nev. Const, art. 1, § 8.
 

 [9]
 

 Minton v. Board of Medical Examiners,
 
 110 Nev. 1060, 1082, 881 P.2d 1339, 1354 (1994) (quoting
 
 Burleigh v. State Bar of Nevada,
 
 98 Nev. 140, 145, 643 P.2d 1201, 1204 (1982)).
 

 [10]
 

 Burleigh,
 
 98 Nev. at 145, 643 P.2d at 1204 (citing
 
 Mathews v. Eldridge,
 
 424 U.S. 319, 335 (1976)).
 

 [11]
 

 See Minton,
 
 110 Nev. at 1083, 881 P.2d at 1355 (indicating that the proponent of an additional safeguard must present evidence or a theory on how the additional safeguard will lower the risk of an erroneous deprivation).
 

 [12]
 

 NRS 445B.100.
 

 [13]
 

 See Steadman
 
 v.
 
 SEC,
 
 450 U.S. 91, 103-04 (1981) (upholding the preponderance standard in disciplinary proceeding against a stockbroker);
 
 Rivera v. Minnich,
 
 483 U.S. 574, 579-82 (1987) (upholding the preponderance standard in a paternity case).
 

 [14]
 

 Construction Indus. v. Chalue,
 
 119 Nev. 348, 352, 74 P.3d 595, 597 (2003).
 

 [15]
 

 Id.
 
 (quoting
 
 Richardson v. Perales,
 
 402 U.S. 389, 401 (1971)).
 

 [16]
 

 Mishler
 
 v.
 
 State, Bd. of Med. Examiners,
 
 109 Nev. 287, 292, 849 P.2d 291, 294 (1993).
 

 [17]
 

 Weaver v. State, Dept. of Motor Vehicles,
 
 121 Nev. 494, 498, 117 P.3d 193, 196 (2005).