An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EL DORADO-VALLEY VIEW LLC,
Appellant,
vs.
COUNTY OF CLARK, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA,
Respondent.

No. 61693

**FILED**

FEB 1 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in a zoning matter. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Appellant El Dorado-Valley View LLC owns a parcel of real property within the Enterprise planning area of respondent Clark County. In 2009, the Board of County Commissioners approved amendments to the Enterprise Land Use Master Plan, which changed the property's classification from Rural Neighborhood Preservation (RNP) to Business and Design Research Park (BDRP). Appellant then requested a zone change for its property from residential to designed manufacturing, one of the five allowable zoning districts under a BDRP classification. El Dorado also submitted a design review for an office warehouse on the property, similar to an existing warehouse facility owned by El Dorado on an adjacent parcel.

The Clark County Planning Staff recommended approving the zone change request and the design review. The Board then received additional evidence both in support and in opposition to the project. El Dorado submitted letters of support from neighboring property owners

SUPREME COURT
OF
NEVADA

(O) 1947A

15-04749

and had a land use planning expert testify that the request conformed to the County's codes and the Enterprise master plan. The Enterprise Town Advisory Board, other neighboring property owners, and the Southwest Action Network, a community organization, opposed El Dorado's request, arguing that the project was too intense for the surrounding Rural Neighborhood Preservation area. After the public hearing, the Board denied El Dorado's zone change request and design review. El Dorado filed a petition for judicial review, which the district court denied, and this appeal followed.

This court reviews the Board's grant or denial of a rezoning request for an abuse of discretion and will affirm the Board's factual determinations if they are supported by substantial evidence. *City of Reno v. Citizens for Cold Springs*, 126 Nev. ___, ___, 236 P.3d 10, 15-16 (2010). The Enterprise master plan sets forth competing goals for growth and development that guide rezoning decisions, including protecting low-density rural living as a lifestyle choice and providing opportunities for research and business park development. Thus, the master plan does not guarantee that a particular zoning district, density, or intensity of land use will be approved by the Board.

Although the zone change request conformed to the master plan and El Dorado presented evidence that supported its request, the Board also heard and considered evidence in opposition to the request. Because a zoning decision is discretionary, there is a "general reluctance to judicially intervene in zoning determination absent clear necessity." *Nova Horizon, Inc. v. City Council of Reno*, 105 Nev. 92, 96-97, 769 P.2d 721, 724 (1989). While the record may contain evidence contrary to the finding of the Board, this court will not reweigh the evidence or replace

the Board's judgment as between two reasonably conflicting views. *See* NRS 233B.135(2); *Nellis Motors v. State, Dep't of Motor Vehicles*, 124 Nev. 1263, 1269-70, 197 P.3d 1061, 1066 (2008).

The Enterprise Town Advisory Board's concerns in opposition to the project, as well as the issues raised by neighboring property owners and the Southwest Action Network, constitute substantial evidence that supports the Board's decision to deny El Dorado's zone change request and design review. *See Stratosphere Gaming Corp. v. City of Las Vegas*, 120 Nev. 523, 529-30, 96 P.3d 756, 760-61 (2004) (explaining that substantial and specific public opposition may constitute substantial evidence to support a zoning decision); *see also City of Reno*, 126 Nev. at ___, 236 P.3d at 15 (defining substantial evidence as "that which a reasonable mind could accept as sufficient to support a conclusion"). And despite appellant's assertion otherwise, the Board's decision does not conflict with the master plan, which sets forth the goals and policies for zoning decision-making and allows for a range of possible zoning districts on appellant's property. Accordingly, because the Board did not abuse its discretion in denying the zone change request and design review, we affirm the district court's order denying judicial review.

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Rob Bare, District Judge
Nathaniel J. Reed, Settlement Judge
Kaempfer Crowell/Las Vegas
Clark County District Attorney/Civil Division
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A