An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TELECHECK SERVICES, INC.,
Appellant,
vs.
KARLA GIERER,
Respondent.

No. 64557

**FILED**

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF REVERSAL

This is an appeal from a district court order granting a petition for judicial review in a workers' compensation subrogation matter. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Respondent Karla Gierer received workers' compensation benefits from Nevada's Uninsured Employers' Claim Account (UECA) for industrial injuries suffered in a 1996 car accident. She also received proceeds from a 1998 settlement agreement with the party liable for the accident. At the time of the settlement, Employers Insurance Company of Nevada (EICON), as the third-party administrator of the UECA,[1] received a negotiated portion of the settlement proceeds to satisfy its then-outstanding subrogation lien. Respondent continued to receive benefits until her claim was closed in 2001, but EICON did not assert a full offset against respondent's net settlement proceeds at that time. Nor did it

---

[1] The administrator for the Uninsured Employers' Claim Account was the State Industrial Insurance System of Nevada at the time of appellant's injury, EICON at the time of settlement, then Nevada CompFirst, and finally Sierra Nevada Administrators at the time the full offset was asserted.

15-15470

assert an offset when agreeing to reopen part of respondent's claim in 2003.

In 2012, after denying further requests to reopen respondent's claim, Sierra Nevada Administrators (SNA) notified respondent that it was asserting a full offset against respondent's net recovery from the 1998 settlement and thus was ceasing any benefit payment until respondent demonstrated that she had exhausted her net recovery amount. Respondent administratively appealed that determination, arguing that the 14-year delay in asserting the offset barred SNA's subrogation lien. The appeals officer disagreed, finding that laches did not bar the lien because the delay was not intentional, the delay did not constitute acquiescence to waiving the lien, and respondent was not prejudiced by the delay. The district court, however, granted respondent's petition for judicial review and reversed the appeals officer's decision, finding that laches did bar the lien. Appellant Telecheck Services, Inc., respondent's employer at the time of injury and to whose account respondent's benefits were charged, appealed the district court's order. Having considered the parties' arguments and the appendix, we now reverse.

An appeals officer's determination regarding the application of laches is a fact-based determination to which the court gives deference. *See Modjeski v. Fed. Bakery of Winona, Inc.*, 240 N.W.2d 542, 546 (Minn. 1976) (explaining that laches is primarily a factual, not legal, determination); *see also Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d 1084, 1087 (2008) (explaining that the appeals officer's fact-based decisions will not be disturbed if they are supported by substantial evidence). SNA had the statutory right to subrogate against respondent's settlement proceeds, and respondent's workers' compensation benefits

 

"must be reduced by the amount of damages recovered" from the third-party tortfeasor. NRS 616C.215(2)(a).

In asserting laches, assuming for the purposes of this appeal that it applies, *see Thompson v. Workers' Comp. Appeal Bd.*, 781 A.2d 1146, 1151-54 (Pa. 2001) (concluding that absent deliberate, bad faith conduct by the employer, the right to subrogation is automatic and absolute), respondent had the burden to demonstrate that she was prejudiced by the delay. *Miller v. Burk*, 124 Nev. 579, 598, 188 P.3d 1112, 1125 (2008) (noting that the applicability of laches depends on the facts of the case and explaining that the court looks at whether the delay was inexcusable, whether the delay constitutes acquiescence to the condition being challenged, and whether the inexcusable delay was prejudicial to others); *Muir v. C.R. Bard, Inc.*, 519 S.E.2d 583, 599 (S.C. Ct. App. 1999) (noting that the person claiming laches bears the burden to show its applicability). Here, the record does not contain any evidence that respondent was prejudiced by the delay. Respondent's contention that she would have kept receipts for her treatment in order to apply them against any offset does not demonstrate prejudice because she has not shown that she received any treatment related to her claim that was not covered by her workers' compensation claim. Indeed, her lumbar reopening request was granted and all others were denied as not meeting the statutory requirements. Thus, because substantial evidence supported the appeals officer's decision, there was no basis for the district court to make new factual determinations and reverse the appeals officer's conclusion that laches did not apply. *See Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557 & n.4, 188 P.3d 1084, 1087 & n.4 (2008) (defining substantial evidence); *see also* NRS 233B.135(3) (setting forth the standard of review); *Nellis*

SUPREME COURT
OF
NEVADA

(O) 1947A

3

*Motors v. State, Dep't of Motor Vehicles*, 124 Nev. 1263, 1269-70, 197 P.3d 1061, 1066 (2008) (explaining that neither this court nor the district court will reweigh the evidence, reassess witness credibility, or substitute our judgment for that of the appeals officer on questions of fact). Accordingly, the district court erred in granting respondent's petition for judicial review, and we

ORDER the judgment of the district court REVERSED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Jessie Elizabeth Walsh, District Judge
    Janet Trost, Settlement Judge
    Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
    Nevada Attorney for Injured Workers/Las Vegas
    Eighth District Court Clerk