# IN THE SUPREME COURT OF THE STATE OF NEVADA

ELDORADO HILLS, LLC,
Appellant,
vs.
CLARK COUNTY BOARD OF
COMMISSIONERS,
Respondent.

No. 67721

FILED

DEC 2 2 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review of a decision by the Clark County Board of Commissioners in a land use matter. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

This court's role in reviewing a petition for district review is identical to that of the district court. *Elizondo v. Hood Mach., Inc.*, 129 Nev., Adv. Op. 84, 312 P.3d 479, 482 (2013) (reviewing an administrative agency's decision).

Appellant Eldorado Hills, LLC, painted two large messages promoting its shooting range on a hillside of its property, located in a rural portion of Clark County, just outside of Boulder City. Following complaints by Boulder City and several of its residents, Clark County investigated and advised Eldorado that it must file a land use application to obtain approval of its hillside on-premise sign. Eldorado complied. The Clark County Planning Commission approved Eldorado's application and Boulder City filed an appeal. The Clark County Board of County Commissioners granted Boulder City's appeal and rejected Eldorado's

SUPREME COURT
OF
NEVADA

(O) 1947A

16-39939

application. Eldorado filed a petition for judicial review in the district court, which the district court denied. Eldorado now appeals, arguing that: 1) Boulder City lacked standing to appeal the Commission's approval of Eldorado's land use application, and 2) the Clark County Code does not regulate its hillside writing.

First, Eldorado argues that Boulder City lacks standing because only citizens have standing to challenge the Commission's decisions. We disagree and conclude that Boulder City is a "person" pursuant to NRS 278.3195 and the Nevada Administrative Procedure Act.

NRS 278.3195(1) provides that "any person who is aggrieved by a decision of . . . [t]he planning commission . . . may appeal the decision to the governing body." Further, a "person" is not confined in the literal sense; for instance, the definition includes the armed forces. *See* NRS 278.3195(5). Moreover, the Nevada Administrative Procedure Act defines "[p]erson" as "includ[ing] any political subdivision or public or private organization of any character other than an agency." NRS 233B.037. Such a non-exhaustive list supports our conclusion that Boulder City constitutes a "person" with standing to appeal the Commission's approval of Eldorado's land use application.

Second, Eldorado argues that Title 30 of the Clark County Code does not regulate hillside markings. We disagree and conclude that although the hillside writing is not specifically identified as an "on-premise sign" under Clark County Code § 30.08.030, it still qualifies as such.

> 'On-Premise Sign' generally means any display, strictly incidental to a lawfully approved and commenced use of the premises on which it is located, that indicates the business transacted, services rendered, or goods sold or produced on the

> premises . . . and may include the name of the business . . . occupying the premises.

Clark County Code § 30.08.030 (2012) (amended 2015). Eldorado's hillside writing with the words "gun club," is a display that indicates the premise's business, specifically a shooting range. Thus, it is an on-premise sign and the Clark County Code applies.

However, because a hillside sign is not a listed categorical type of on-premise sign, it is an alternative sign that the Board or Commission had discretion to approve through waiver. *See* Clark County Code § 30.72.040(9) (2015). Approval through waiver requires that the applicant responds to additional applicable standards. Clark County Code § 30.16.100, Table 30.16-7(k)(2) (2012) (current version at Table 30.16-7(j)(2) (2016)). Moreover, the design characteristics and aesthetic features must "create an orderly and aesthetically pleasing environment [that is] harmonious and compatible with development in the area," and that is "not unsightly, undesirable or obnoxious in appearance." Clark County Code § 30.16.120, Table 30.16-9(i)(5) (2012) (current version at Table 30.16-9(i)(5) (2016)).

Thus, the Board had discretion in determining whether the hillside sign was "unsightly, undesirable or obnoxious in appearance." Further, the Board's decision to deny Eldorado's hillside signage is partly due to its excessive magnitude. Accordingly, we conclude that the Board's decision was properly based on Eldorado's hillside sign constituting a nonconforming use.

We further conclude that the Board had discretion in its decision, which is supported by substantial evidence. This court will not substitute the Board's judgment with its own and will not reweigh the evidence when reviewing the decision. NRS 233B.135(3); *Nellis Motors v.*

*State, Dep't of Motor Vehicles*, 124 Nev. 1263, 1269-70, 197 P.3d 1061, 1066 (2008). Further, "a local government may weigh public opinion in making a land-use decision," and "public opposition could constitute substantial evidence to support a local government's decision to deny a request for a special use permit." *Stratosphere Gaming Corp. v. City of Las Vegas*, 120 Nev. 523, 529, 96 P.3d 756, 760 (2004).

Here, the mayor, city councilmembers, and two residents of Boulder City appeared at the Board's meeting to testify against the sign. The opposing side's main concerns were that: (1) the hillside markings were excessively and inappropriately large in violation of signage standards, (2) the design was nothing more than a large blight and marred the landscape, (3) public opinion weighed heavily against the sign, and (4) approval would have created several undesirable precedents. Accordingly, the Board had substantial evidence to deny Eldorado's application, and thus did not abuse its discretion in doing so.[1]

---

[1]We conclude that Eldorado's additional issues on appeal lack merit.

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Valerie Adair, District Judge
Dana Jonathon Nitz, Settlement Judge
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
Clark County District Attorney/Civil Division
Eighth District Court Clerk