# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANA RYDELL,
Appellant,
vs.
CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES,
Respondent.

No. 69929

FILED

MAY 10 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a petition for judicial review concerning an agency substantiation of child abuse. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

After receiving a report of possible child abuse and conducting an investigation, respondent Clark County Department of Family Services (DFS) substantiated a finding of physical abuse by appellant against her minor child. Appellant requested and received an administrative hearing before a fair hearing officer, who sustained respondent's finding of physical abuse. The district court denied appellant's petition for judicial review, and this appeal followed.

Appellant contends that the hearing officer's conclusion that substantial evidence supported a finding of physical abuse is clearly erroneous and constituted an arbitrary and capricious abuse of discretion. Similar to the district court, this court shall not substitute its judgment for that of the agency on the weight of evidence as to a question of fact but may set aside the agency's decision if it is "[c]learly erroneous in view of the reliable, probative and substantial evidence on the whole record," NRS 233B.135(3)(e), or constitutes an arbitrary or capricious abuse of discretion, NRS 233B.135(3)(f). Abuse of a child is defined to include a "physical or mental injury of a nonaccidental nature . . . caused or allowed

by a person responsible for the welfare of the child under circumstances which indicate that the child's health or welfare is harmed or threatened with harm." NRS 432B.020(1)(a); *see also* NRS 432B.090(7) (defining "physical injury" to include a "[p]ermanent or temporary disfigurement"); NAC 432B.024(1) (defining "disfigurement" as including a bruise).

Appellant admitted at the administrative hearing that she slapped the child on April 30, 2007, but denied that the slap caused the bruise near his eye, which was observed by DFS case worker Dare Peterson when she interviewed the child on May 2, 2007. The hearing officer concluded that there was substantial evidence to sustain a finding of physical abuse because (1) it was indisputable "that on May 2, 2007, a faded brown mark existed on the right side of [the child's] right corner eye that didn't exist prior to April 30, 2007;" and (2) "all three individuals who were present at the time the mark was sustained, stated that [the child's] mother caused the mark when she slapped [the child]."[1]

Appellant contends that the first factual finding is erroneous because she disputed the timing of the mark's appearance and there was no evidence establishing with certainty when the mark appeared or that it did not exist before April 30, 2007. We agree that the timing of the mark's appearance was disputed by appellant, however, the timing was not relevant to the first element identified by the hearing officer that the child had sustained a temporary disfigurement. The fact that the bruise existed

---

[1]Appellant also challenges the hearing officer's finding that the children disclosed to Peterson a pattern of abuse. Because a pattern of abuse is not one of the elements required by NRS 432B.020, we conclude it is unnecessary to address this argument.

near the child's eye was established by the testimony of both appellant and Peterson.

Appellant next contends that the second factual finding is erroneous because she, as one of the three persons present, denied that her slap caused the mark, and according to the case notes of Peterson's interviews, neither the child nor his sister stated that the slap caused the mark, only that appellant slapped the child. Despite this erroneous finding about all three witnesses stating the slap caused the mark, we conclude that the record as a whole supports a finding under NRS 432B.020 that the mark was inflicted by appellant under circumstances that were not accidental in nature. Appellant admitted to slapping the child on April 30, the child abuse report was made on May 1, and the bruise was observed by Peterson on May 2. Peterson, whom the hearing officer found to be credible, testified that the child's "mother had slapped him on the face . . . resulting in a mark on his face," that the mark was located on a "high risk area" and was consistent with the report she was investigating, and that both the child and his sister disclosed a fear that appellant would hit them when she learned of their statements to Peterson. Although there was evidence that the child had been in an altercation in karate class earlier that day and appellant testified that the mark on the child's face was present before she slapped him, the hearing officer found that she was not credible, as her testimony was self-serving, inconsistent and defensive. This court will not reweigh the evidence, reassess witness credibility, or substitute our judgment for that of the appeals officer on questions of fact. *See* NRS 233B.135(3); *Nellis Motors v. State, Dep't of Motor Vehicles*, 124 Nev. 1263, 1269-70, 197 P.3d 1061, 1066 (2008). As substantial evidence supports the hearing officer's

determination to sustain the finding of physical abuse, the hearing officer's decision was not an abuse of discretion.[2]  *See Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557 & n.4, 188 P.3d 1084, 1087 & n.4 (2008) (noting that the appeals officer's decision will not be disturbed if supported by substantial evidence, which is evidence that a reasonable person could accept as adequately supporting a conclusion).

Appellant also contends that she was not given reasonable notice of the substantiation, which deprived her of due process and the opportunity to adequately defend the matter.  *See* NRS 233B.135(3)(a) (permitting the court to set aside a final decision of the agency if the petitioner's substantial rights have been prejudiced because the decision violates a constitutional provision).  Appellant asserts that she did not become aware of the 2007 substantiation until 2013 when she was denied employment after a background check.  However, DFS afforded appellant an administrative hearing in 2013 to challenge the agency's decision, and appellant proceeded with the hearing without objection.  *See State ex rel. State Bd. of Equalization v. Barta*, 124 Nev. 612, 621, 188 P.3d 1092, 1098 (2008) (explaining that because judicial review of an agency decision is limited to the administrative record, an argument made for the first time to the district court on judicial review is waived).  Moreover, appellant has

---

[2]Appellant contends that the hearing officer should have applied a preponderance-of-the-evidence standard rather than a substantial-evidence standard to sustain the agency's conclusion of physical abuse. *See Nassiri v. Chiropractic Physicians' Bd.*, 130 Nev., Adv. Op. 27, 327 P.3d 487, 490 (2014) (clarifying that "substantial evidence" is a standard of review, not a standard of proof). We conclude that this does not warrant reversal because the administrative record contains substantial evidence to support a finding of physical abuse by a preponderance of the evidence.

failed to demonstrate that she was prejudiced by the delay. *See* NRS 233B.135(3)(a); *see also Martinorellan v. State*, 131 Nev., Adv. Op. 6, 343 P.3d 590, 593 (2015) (holding that unpreserved constitutional errors are reviewed for plain error, requiring reversal only when the error is readily apparent and was prejudicial to the defendant's substantial rights).

For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Nancy L. Allf, District Judge
Lansford W. Levitt, Settlement Judge
Ana Rydell
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk