# IN THE SUPREME COURT OF THE STATE OF NEVADA

FORD MOTOR COMPANY,
Appellant,
vs.
JONES-WEST FORD, INC.,
Respondent.

No. 74863

FILED

DEC 19 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying judicial review in a matter concerning a proposed modification of a motor vehicle dealer franchise. First Judicial District Court, Carson City; James E. Wilson, Judge.

Jones-West Ford, Inc. (Jones-West) is a Ford vehicle dealer located in Reno, Nevada. In December 2010, Ford Motor Company (Ford) sent written notice to Jones-West, informing them that it was adding Sierra County, California to Jones-West's dealer franchise. Jones-West protested the assignment with the Nevada Department of Motor Vehicles (DMV). The DMV found that Ford's proposed modification likely would have a substantially adverse effect on Jones-West and that Ford did not demonstrate good cause for the modification. Ford petitioned for judicial review and the district court remanded the matter to the DMV, finding that it did not properly apply the reasonable certainty standard of proof. On remand, the DMV again ruled in favor of Jones-West, finding that the dealer locality modification was reasonably certain to have a substantially adverse effect on Jones-West's investment and obligations to provide sales and service support. The DMV also found that Ford did not establish good

19-51325

cause for the modification. The DMV also awarded Jones-West attorney fees and costs. The district court subsequently denied Ford's petition for judicial review, concluding that substantial evidence supported the decision. Ford appeals.

*The DMV had jurisdiction over the proposed franchise modification*

Ford argues that the DMV lacked jurisdiction to review the proposed modification because NRS 482.36354 applies only to territory within Nevada, not California. Therefore, it argues that only a California court would have jurisdiction over this matter. We disagree.

We review subject matter jurisdiction de novo. *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009). Nevada has a strong public policy interest in enforcing its motor vehicle distributor regulations. NRS 482.318 (stating that it is necessary to regulate the "distribution and sale of motor vehicles . . . [because it] vitally affects the general economy[,] . . . the public interest and the public welfare . . . ."). It is clear that Jones-West, a Reno-based auto dealership, is subject to Nevada's regulatory authority. NRS 482.322 (requiring the licensure of vehicle dealers). It is equally clear that Ford's economic activity in Nevada is subject to Nevada's motor vehicle dealer franchise provisions. *See* NRS 482.36349. Therefore, we conclude that the DMV had jurisdiction over the proposed modification of the Nevada-based dealer's territory.[1]

---

[1]Ford cites caselaw supporting the proposition that a state cannot impose its regulatory laws extraterritorially to foreign corporations. *See, e.g., Kaeser Compressors, Inc. v. Compressor & Pump Repair Servs., Inc.*, 781 F. Supp. 2d 819, 829 (E.D. Wis. 2011) (Wisconsin law does not apply to a Wisconsin dealer's Minnesota locations). However, these cases are not analogous to this dispute. Here, the Nevada DMV applied a Nevada statute to a Nevada dealership that has a contractual relationship with an

*The DMV's order was not affected by legal error or an abuse of discretion*

As to the merits of the DMV's decision, Ford argues that the DMV failed to apply the reasonable certainty standard of proof in making its findings of fact and improperly allowed speculative expert testimony, and that its decision is not otherwise supported by substantial evidence. We disagree.

On appeal from a district court order denying judicial review, this court's role is the same as that of the district court. We review the administrative record to determine whether appellant's substantial rights were prejudiced because the administrative decision was affected by legal error or an abuse of discretion. NRS 233B.135; *Beavers v. State, Dep't of Motor Vehicles & Pub. Safety*, 109 Nev. 435, 438, 851 P.2d 432, 434 (1993). "We will not reweigh the evidence, reassess the witnesses' credibility, or substitute the administrative law judge's judgment with our own," and the agency's decision will not be disturbed if it is supported by substantial evidence. *Nellis Motors v. State, Dep't of Motor Vehicles*, 124 Nev. 1263, 1269-70, 197 P.3d 1061, 1066 (2008). We review an administrative agency's interpretation of the law de novo. *Id.* at 1266, 197 P.3d at 1064.

*The DMV applied the reasonable certainty standard of proof*

Under NRS 482.36354, an automobile dealership opposing a modification to its franchise has the burden to prove that the proposed modification will have a substantially adverse effect upon the dealer's investment or obligations to provide sales and service. *See People ex rel.*

---

automobile manufacturer who does business in Nevada. Jones-West does not have a physical presence in California. Under the cases cited by Ford, it appears that California would not be able to apply its motor vehicle franchise statutes to Jones-West nor would it have jurisdiction over the proposed modification.

*Rusch v. Fusco*, 74 N.E.2d 531, 533 (Ill. 1947) (holding that the burden of proof is upon the party asserting the right to relief). Since future harm is at stake, the dealer must show that the alleged harm is reasonably certain to occur. *See Fireman's Fund Ins. Co. v. Shawcross*, 84 Nev. 446, 453, 442 P.2d 907, 912 (1968) (explaining that loss of prospective income is an element of plaintiff's damage when shown with reasonable certainty). In an administrative adjudication, the showing must meet the preponderance of the evidence standard. NRS 233B.121(9). The DMV applied that standard here in evaluating the documentary evidence and expert and lay witness testimony. Based on that evidence and testimony, it found that if the assignment of Sierra County to Jones-West were permitted, it is reasonably certain that Jones-West would suffer substantially adverse effects on its investment and sales and service obligations. Thus, having reviewed the record, we perceive no error in the DMV's application of the reasonable certainty standard of proof.

*Substantial evidence supports the DMV's findings*

NRS 482.36354 prohibits the modification of a dealer's franchise if the modification will "have a substantially adverse effect upon the dealer's investment or obligations to provide sales and service . . . ." The DMV found that the proposed modification was reasonably certain to cause substantially adverse effects to Jones-West. We conclude that substantial evidence supports that finding. Specifically, Lawrence Miles Jr. testified that: (1) the proposed modification would have a negative impact on how Ford evaluates Jones-West, and (2) intentional cross-border operations

SUPREME COURT
OF
NEVADA

(O) 1947A

4

would expose Jones-West to increased legal and financial uncertainty.[2] Additionally, David Turner testified that the proposed modification was reasonably certain to expose Jones-West and its shareholders to tax liability in California.[3] This evidence is sufficient to support a conclusion that the proposed modification is reasonably certain to cause substantially adverse effects to Jones-West's dealership operations. *See Nellis Motors*, 124 Nev. at 1269, 197 P.3d at 1066 (holding that "[s]ubstantial evidence is that which a reasonable mind might accept as adequate to support a conclusion" (internal quotation omitted)).

Notwithstanding the adverse effects a modification may have on a dealer, NRS 482.36355 and NRS 482.36356 list the considerations the DMV may weigh to determine whether good cause exists for permitting the modification of a dealer franchise. Here, the DMV found that Ford did not

---

[2]Miles has over 35 years of experience dealing with California's motor vehicle regulatory scheme. He based his opinions on how California's motor vehicle regulatory scheme would interact with Jones-West if Ford assigned Sierra County to Jones-West. Contrary to Ford's argument, Miles did not base his testimony on assumptions; rather, he based his testimony on his knowledge, skill, experience, training, and documentary evidence. Thus, his testimony was appropriately admitted and considered by the DMV. *See* NRS 50.275; *Hallmark v. Eldridge*, 124 Nev. 492, 498, 189 P.3d 646, 650 (2008) (holding the three main requirements for the admissibility of expert testimony are qualification, assistance, and limited scope).

[3]Turner has 35 years of experience dealing with California's Franchise Tax Board. Turner based his opinions on California Franchise Tax Board Publication 1050 and the California Franchise Tax Board's Internal Procedures Manual. We conclude that he appropriately based his testimony on his knowledge, skill, experience, training, and documentary evidence, not on assumptions. *See* NRS 50.275; *Hallmark v. Eldridge*, 124 Nev. at 498, 189 P.3d at 650.

establish good cause to support its proposed modification of Jones-West's dealer franchise. Substantial evidence supports that finding. Specifically, Miles testified that the proposed modification: (1) is reasonably certain to force Jones-West to make additional investments and incur additional obligations, (2) will require Jones-West to train its personnel to comply with California regulatory standards and warranty laws, and (3) will make it more difficult for Jones-West to comply with the terms of its franchise. Additionally, substantial evidence in the record, including testimony from David Laberge, supports the DMV's finding that Ford never made an honest effort to address Jones-West's particular circumstances until after Jones-West initiated administrative proceedings.[4] Finally, substantial evidence, including testimony from Richard West, supports the DMV's finding that Ford rejected a proposal by Jones-West to avoid litigation even though Ford would have suffered no adverse economic effect.[5] Accordingly, we conclude that the DMV acted within its sound discretion when it found that the proposed modification would have a substantially adverse effect on Jones-West and that Ford lacked good cause for the proposed modification.

---

[4]Laberge, testifying on behalf of Ford, stated that Ford never reviewed Jones-West's dealership file prior to assigning Sierra County to Jones-West. Additionally, Laberge could not recall if Ford ever considered any accessibility issues that such an assignment might present. Finally, the record demonstrates that Ford issued five franchise modifications to Jones-West between 2007 and 2013. Only after Jones-West submitted protest letters to the DMV did Ford perform individualized analyses.

[5]West, the owner of Jones-West, testified that he contacted Brian Horn, Ford's regional manager, and expressed his desire to avoid litigation. West testified that the owner of Susanville Ford was fine with keeping Sierra County in its dealership franchise. Horn rejected this proposal.

*The district court did not abuse its discretion in awarding attorney fees*

We review an award of attorney fees for an abuse of discretion. *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014). Under NRS 482.36366(2), if a manufacturer fails to establish that there is good cause to modify a franchise, the DMV shall award the dealer attorney fees and costs. Here, the DMV determined that Ford did not establish good cause to modify Jones-West's dealer franchise. Accordingly, the administrative law judge awarded Jones-West $1,432,656.25 in attorney fees and $90,744.88 in costs. Ford argues that the administrative law judge abused its discretion by improperly including work on an unrelated matter in its award to Jones-West. We disagree.

Under the lodestar method, a court determines the amount of attorney fees by multiplying the number of hours reasonably spent on the case by a reasonable hourly rate. *Herbst v. Humana Health Ins. of Nev., Inc.*, 105 Nev. 586, 590, 781 P.2d 762, 764 (1989). Here, Jones-West provided a table summarizing the hours it spent defending against Ford's proposed modification of its dealer franchise.[6] Jones-West also provided evidence regarding the prevailing billing rates for legal work. Jones-West then removed 668.75 hours of work relating to a different proposed franchise modification. Additionally, Jones-West further reduced its fee request by $75,000 to ensure a reasonable request. Having reviewed the record, we conclude that the DMV acted within its sound discretion in awarding $1,432,656.25 in attorney fees and $90,744.88 costs to Jones-West.

---

[6]Ford does not cite a single entry in Jones-West's lodestar spreadsheet to support its claim that the DMV awarded fees to Jones-West for an unrelated matter.

Accordingly, as the DMV's decision on Jones-West's protest of the modification is supported by substantial evidence and not otherwise affected by legal error, and the DMV did not abuse its discretion when it awarded attorney fees to Jones-West under NRS 482.36366(2), we affirm the district court's order denying Ford's petition for judicial review.

It is so ORDERED.

_Pickering_____, J.
Pickering

_Parraguirre_____, J.
Parraguirre

_Cadish_____, J.
Cadish

cc:    Hon. James E. Wilson, District Judge
Madelyn Shipman, Settlement Judge
Lewis Roca Rothgerber Christie LLP/Las Vegas
Sierra Business Law Group
Berkowitz Oliver LLP
Guild, Gallagher & Fuller, Ltd.
Carson City Clerk